482 So.2d 648 (1986)
Joseph F. THERIOT, Plaintiff-Appellee,
v.
AMERICAN EMPLOYEES INSURANCE COMPANY, Defendant-Appellant.
No. 84-1044.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
*649 Brame, Berstedt & Brame, David Fraser, Lake Charles, for defendant-appellant.
Jones, Jones & Alexander, J.B. Jones, Jr., Cameron, for plaintiff-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Involving a July 8, 1983, accident and therefore arising under the 1983 revisions, this worker's compensation appeal raises two issues: the award of penalties and attorney's fees, and the failure of the trial court to allow the compensation insurer a credit for the medical expenses paid by the hospitalization insurer. We find no error, and the judgment below is affirmed.
The plaintiff, Joseph Theriot, was employed by Cameron Water Works District No. 7, a political subdivision of Cameron Parish. Mr. Theriot's job included laying down water lines and general plumbing maintenance work.
On July 8, 1983, he was putting the plumbing in under the road from the water line to a house. As he was climbing down off his tractor his right foot got caught and was fractured. The same foot had been broken before in 1981 in a non-work related accident. Theriot had been discharged from medical treatment for this prior injury seven months before the July 8, 1983, accident. After the July 8 injury Theriot continued to work, with his leg in a cast, until September 22, 1983. On September 23 he underwent a bone graft operation. Complications arose and he was hospitalized twice more after the surgery. He has not worked since September 22, 1983.
On the day of the job accident Mr. Theriot called Mary Theriot (unrelated), the billing clerk of the Water Works, and told her he had gotten hurt. On July 13 at the monthly Water Works Board meeting Mr. Theriot told the Board of his injury. He sent his medical bills to Mrs. Bonnie Willis Conner, the executive secretary of the Parish Police Jury who was responsible for the filing of insurance claims. (The Police Jury handled certain administrative details for the Water Works District, such as payroll checks and hospitalization and compensation insurance policies and claims.) Mrs. Conner sent the bills to Aetna, the hospitalization insurer, apparently because the bills indicated that the date of the initial injury was August 7, 1981. She was not told that there was a more recent injury and that it was work related, and for that reason the 1981 date was used on the insurance forms she submitted.
On October 4, 1983, Theriot contacted Garner Nunez, the Parish Administrator, to inquire about his sick leave. It was at this time that the Police Jury became aware that the recent injury was work related, and an Employers Report of Injury was then filled out by Mrs. Conner and sent to the compensation insurer, the present defendant. It is not clear precisely when the defendant's agent, Mr. Holland, received this report of injury, but the testimony of Mrs. Conner and Mr. Nunez indicates that it was sent promptly after being filled out. Mr. Holland reviewed the file sometime in November or December and informed Mr. Nunez that his company had written to the *650 State Department of Labor and was waiting for a reply as to whether the claim was a legitimate worker's compensation claim. Mrs. Conner testified that Mr. Holland instructed her to continue sending the medical bills to Aetna, who was to be reimbursed should the claim turn out to be compensable.
The exhibits indicate that the State Department of Labor issued its recommendation as to Mr. Theriot's claim on December 30, 1983, a recommendation advising that the injury was not work related. Theriot formally rejected that recommendation on January 10, 1984.
Defendant never paid any benefits and suit was filed against the compensation insurer on January 24, 1984. After trial the court found that Mr. Theriot was totally and permanently disabled as the result of a work related injury. The trial court further found the defendant liable for penalties and attorney's fees.
On this appeal the appellant argues that its failure to pay compensation benefits was not arbitrary and capricious, and that it was therefore error to assess both penalties and attorney's fees.
Under the 1983 revisions of the Worker's Compensation Law, the arbitrary and capricious standard is no longer applicable to the assessment of penalties. The assessment of penalties is governed by new R.S. 23:1201(B) and (E), which read:
"B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer has knowledge of the injury or death and resulting loss of income, on which date all such compensation then due shall be paid."
"E. If any installment of compensation payable without an order is not paid within the time period provided in Subsections (B), (C), or (D) of this Section, there shall be added to such unpaid installment a penalty of an amount equal to twelve percent thereof, which shall be paid at the same time as, and in addition to, such installment of compensation, unless such nonpayment results from conditions over which the employer or insurer had no control. Whenever the employee's right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply. The twelve percent additional payment shall be assessed against either the employer or the insurer, depending upon who was at fault in causing the delay."
These provisions require knowledge of the injury and resulting loss of income, before the fourteen day time period begins to run. The parties stipulated that Mr. Theriot was employed by the Water Works District. The Water Works Board was told of the injury at its meeting on July 13, 1983. He had not worked since September 22, 1983. Therefore, the employer knew of the injury and the resulting loss of income on September 23, 1983. Fourteen days later the first installment of compensation became due and payable. No compensation was paid. Penalties were consequently due unless appellant could show either that the nonpayment resulted from conditions over which it or the employer had no control or that the employee's right to such benefits had been reasonably controverted. R.S. 23:1201(E).
Appellant does not claim that the nonpayment resulted from conditions over which it had no control. The only other inquiry is whether Mr. Theriot's right to benefits has been reasonably controverted. In Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363 (La.App. 3 Cir.1985), this court formulated the following test to determine whether the employee's right to benefits has been reasonably controverted:
"[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented *651 by the claimant. This test requires a close analysis of each workers' compensation case."
Our facts show that the insurer did not have a reasonable basis to believe that medical expenses and compensation were not due. The Employers Report of Injury was forwarded to Mr. Holland shortly after October 4, 1983. The facts given in the report indicated that the injury was job related. Mr. Holland had been informed that substantial medical bills were being incurred. The misunderstanding involving the 1981 injury was easily explainable. As stated by the trial judge, "a cursory investigation by the adjuster would have revealed this was a job related injury." We affirm the assessment of penalties.
We next turn to the issue of attorney's fees. The 1983 revision of R.S. 23:1201.2 provides in pertinent part:
"Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim...."
The arbitrary and capricious standard used under the prior law obviously still applies with regards to attorney's fees. Appellant claims that the trial court erred in finding the failure to pay compensation benefits arbitrary and capricious and contends that the following facts support its decision not to pay: (1) the accident was not reported for nearly three months after its occurrence; (2) the claim forms submitted to Aetna noted that the accident related back to the 1981 non-work related injury; and (3) the recommendation from the Department of Labor advised that the accident was not work related.
This argument has no merit at all. The claim forms used the date of the first injury because of a misunderstanding between Mr. Theriot and Mrs. Conners. It was because of this same misunderstanding that the injury report was filled out so tardily. Yet after the problem had been cleared up, the insurer continued to contend that the second injury was not work related when there remained no basis for this contention. The recommendation of the Department of Labor lends no credence whatsoever to appellant's argument. That advisory opinion carries no weight and was not even admissible into evidence. R.S. 23:1310.1(A). We find no error in the award of attorney's fees.
As the final assignment of error, appellant claims it is entitled to a credit for all post-July 8, 1983, medical bills which were paid by Aetna. R.S. 23:1163, which prohibits the requiring of an employee to contribute, directly or indirectly, in any way toward the cost of worker's compensation, applies to this claim for credit. See Bryant v. New Orleans Public Service, Inc., 414 So.2d 322 (La.1982). Such a credit would be a direct reduction of compensation benefits. This assignment of error is without merit. The judgment below is hereby affirmed in all respects, with appellant to pay costs of this appeal.
AFFIRMED.