527 So.2d 1207 (1988)
Rickey D. BREAUX, Plaintiff-Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 87-379.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Broussard, Bolton & Halcomb, Daniel Broussard, Jr., Alexandria, for plaintiff-appellant.
Gibbens & Blackwell, Dennis Stevens, New Iberia, for defendants-appellees.
Before LABORDE, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
In this worker's compensation case, Rickey D. Breaux (Breaux) appeals the judgment of the trial court which found him only entitled to receive supplemental earnings benefits from his employer, the City of Kaplan (City), and its insurer, National Union Fire Insurance Company (National Union). The trial court found that although Breaux was unable to return to his former employment as a cherry-picker operator, he was capable of performing light duty work within the medical restrictions. Accordingly, based on the testimony of a vocational *1208 rehabilitation specialist submitted by the City and National Union, the trial court determined that Breaux was entitled to receive the difference between his salary from the City and the wages available for jobs the vocational rehabilitation specialist identified in a labor market survey.
Breaux contends on appeal that the trial court erred: (1) in finding that he was able to earn $140 per week and awarding supplemental earnings benefits in the amount of $40 per week; (2) in failing to consider the unrebutted testimony of his psychiatric expert; (3) in finding that the City and National Union proved that there were certain jobs available in Vermilion Parish that he could perform; (4) in accepting the hearsay testimony of the rehabilitation speciaist for the City and National Union that other jobs were available in Vermilion Parish; (5) in failing to award Breaux temporary total disability benefits; (6) in not awarding Breaux the amount of the medical bills which were proven at trial; and (7) in failing to award penalties and attorney's fees for the wrongful termination of his worker's compensation benefits on January 3, 1986.

FACTS
On February 28, 1984, Breaux was operating a cherry-picker for the City when its hydraulic hoses became entangled in overhanging branches. Breaux, who was in the basket of the cherry-picker which was extended into the air, got out of the chair suspended above the truck cab, and walked along the side of the truck to release the branches. As he pulled on the branches, the arm of the cherry-picker moved, knocking him 13 to 15 feet to the ground, where he landed on his feet. As a result of this work-related accident Breaux sustained two ruptured discs in his neck, which were surgically fused on April 2, 1984, by Dr. Roland Miller at the C4,5 and C5,6 level.
National Union paid Breaux's medical expenses and weekly compensation benefits until January 3, 1986, when it terminated benefits based on a medical opinion it received from Dr. Miller, that Breaux was able to return to work.

DETERMINATION OF DISABILITY
Breaux contends that the trial court erred in finding that he was capable of performing light duty work within the restrictions placed by his treating physician, Dr. Miller. He further argues that in reaching this conclusion the trial court ignored the unrebutted testimony of Dr. William P. Cloyd, psychiatrist, that Breaux was unable to work at the time of trial due to the accident's exacerbation of his pre-existing emotional problem of schizophrenia, and that on this basis the trial court should have found him temporarily totally disabled. Additionally, he argues that the trial court erred when it accepted the testimony of the vocational rehabilitation specialist tendered by the City and National Union that Breaux was able to make an average of $140 per week.
The issue of disability is determined by the totality of the evidence, including both lay and medical testimony. On appellate review, the trial court's findings of work-connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact, which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings, unless clearly wrong. The reviewing court should not disturb reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are as reasonable. Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267 (La.App. 3rd Cir.1986), writ denied, 497 So.2d 312 (La.1986).
A claimant is entitled to an award for temporary total disability if he establishes that he is unable to pursue either the same occupation or another gainful occupation at the time of trial, though it appears he will be able to return to some type of work in the foreseeable future. Harris v. Rumold, 518 So.2d 9 (La.App. 4th Cir.1987). The burden of proof required in establishing a temporary total disability is by a preponderance of the evidence. Price v. Fireman's Fund Ins., Co., 502 So.2d 1078 (La. 1987).
*1209 Our first inquiry is whether the trial court was clearly wrong in its determination that at the time of trial Breaux was capable of performing light duty work, particularly in light of the medical opinions of Dr. Miller, the treating orthopaedist, and Dr. Cloyd, the treating psychiatrist.
In November 1985 Dr. Miller testified that he released Breaux to do light duty work, i.e., no heavy lifting, excessive repetitive bending, or rotation of the neck, and assigned him a 25% permanent partial whole body physical impairment. In accordance with the recommendations of other doctors who examined Breaux in connection with recurring headaches which began post-surgery, Dr. Miller suggested to Dr. David Tate, Breaux's family physician, that Breaux would probably need low dose Valium to help him break the cycle of anxiety, tension, and the resultant headaches that he was experiencing.
Even though the trial court noted in its written reasons that Breaux argued that he had aggravated a pre-existing nerve condition as the result of the work-accident, it did not address this contention. Where findings of fact are not made, an appellate court must examine those facts in a light most favorable to the party who obtained the judgment. Ford Motor Credit Co. v. Diffey, 378 So.2d 1032 (La.App. 2nd Cir. 1979), writ refused, 381 So.2d 508 (La. 1980).
Dr. Cloyd first examined Breaux on March 24, 1986. He concluded that: (1) Breaux was diagnosed as early as August 18, 1976, by Dr. Thomas Latour, a psychiatrist, as being totally and completely disabled because of schizoaffective schizophrenia; (2) because of this disability he was eligible for Social Security disability benefits for approximately three years; (3) subsequently he held various jobs involving manual labor such as heavy equipment operator, construction worker, offshore oil worker, and farm hand; (4) Breaux had achieved a degree of stability in his life when he became employed by the City, and with the onset of the work-accident Breaux commented, "It darn near put my life at a standstill"; (5) Breaux's work-accident exacerbated his pre-injury schizophrenia; (6) for purposes of returning Breaux to the labor market he needed psychiatric treatment and vocational rehabilitation; and (7) because of Breaux's current behavior, i.e., poor energy, no interests, crying spells, feelings of inadequacy, withdrawal from people, he does not know what kind of job Breaux is capable of doing, and with those limitations he would defer to a vocational rehabilitational specialist to determine job availability.
When a claimant seeks benefits for a mental disability, the court must proceed with extreme care in view of the nebulous characteristics of such a condition and the possibility of the symptoms being easily feigned. The evidence in cases of this nature should be scrutinized carefully and every precaution taken to protect employers and insurers against unjustified claims because of alleged mental affliction. Dominick v. CNA Ins. Co., 497 So.2d 758 (La. App. 3rd Cir.1986), writ denied, 501 So.2d 231 (La.1987). In the case sub judice the only psychiatric testimony presented was that of Dr. Cloyd. When there is no showing of falsity or unreliability, uncontroverted evidence must generally be accepted as true to establish a fact for which it is offered. Hebert v. Winn Dixie Stores of Louisiana, Inc., 426 So.2d 295 (La.App. 4th Cir.1983). We find that the trial court erred in its rejection of the testimony of Dr. Cloyd; his testimony was forthright, linked Breaux's medical history (physical and mental) over the course of several years both before and after the accident, and was corroborated by the testimonies of Breaux and his wife. Dr. Cloyd opined without contradiction that Breaux should not be returned to the job market without psychiatric treatment and vocational rehabilitation, and with these limitations he would defer to a vocational rehabilitation counselor to locate a job which might accomodate Breaux's medical and emotional limitations.
In rebuttal the City and National Union presented the testimony of Glenn Hebert, a vocational rehabilitation counselor. Mr. Hebert, relying solely on the medical opinion of Dr. Miller, conducted labor market *1210 surveys on December 10, 1985, December 23, 1985, and January 7, 1986, in which he listed jobs he obtained from the Louisiana State Employment Security Office in Abbeville and determined Breaux was able to perform these jobs within the medical limitations set by Dr. Miller. Mr. Hebert never interviewed Breaux, and he did not consider the psychiatric testimony of Dr. Cloyd, which was sent to defense counsel two months prior to trial, in the evaluation of the jobs which were located. At trial, Mr. Hebert clearly opined that he would defer to Dr. Cloyd in matters regarding Breaux's mental health.
A worker's compensation claim cannot be defeated by a mere showing of job availability without the employer showing by clear and convincing evidence the employee's capability of performing the jobs available. The test is not only showing job availability, but also whether Breaux was capable of performing the jobs listed by Hebert using the same burden of proof. It is insufficient that a vocational rehabilitation specialist identifies jobs which are proven available. This satisfies only one prong of a two prong test, the other being that it is necessary that the employer/insurer establish that the claimant is also capable of performing the jobs identified. After carefully reviewing the record, we find that since Mr. Hebert did not take into account the aggravation of Breaux's schizophrenia as a result of the work-accident, the trial court erred in concluding that Breaux could perform certain jobs which were listed as available. Therefore, we conclude that on the basis of Breaux's orthopaedic limitations and his need for continuing psychiatric care to stabilize his schizophrenia, he proved by a preponderance of the evidence that he was entitled to temporary total disability benefits. Therefore, we shall amend the trial court's judgment to award Breaux worker's compensation benefits for temporary total disability.

PENALTIES AND ATTORNEY'S FEES
Breaux next contends that the trial court erred in failing to award penalties and attorney's fees for the wrongful termination of his worker's compensation benefits on January 3, 1986.
In its written reasons for judgment the trial court made no mention of penalties and attorney's fees, even though it found Breaux was entitled to receive supplemental earnings benefits; accordingly, we shall address this aspect of the case as though the trial court specifically determined Breaux was not entitled to these awards. Ford Motor Credit Co., supra.
According to the provisions of the 1983 revisions of the Worker's Compensation Law, the arbitrary and capricious standard is no longer applicable to the assessment of penalties, and the provisions of LSA-R.S. 22:658 are no longer applicable. Chelette v. American Guar. & Liability Ins., 480 So.2d 363 (La.App. 3rd Cir.1985). Instead the assessment of penalties is now governed by LSA-R.S. 23:1201(E), which provides in pertinent part, as follows:
"If any installment of compensation payable without an order is not paid within the time period provided in Subsections (B), (C), or (D) of this Section, there shall be added to such unpaid installment a penalty of an amount equal to twelve percent thereof, which shall be paid at the same time as, and in addition to, such installment of conpensation, unless such nonpayment results from conditions over which the employer or insurer had no control. Whenever the employee's right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply. The twelve percent additional payment shall be assessed against either the employer or the insurer, depending upon who was at fault in causing the delay."
The claimant's right to such benefits will be deemed reasonably controverted if the employer or insurer had sufficient factual and medical information presented by the claimant. Green v. Jackson Rapid Delivery Service, 506 So.2d 1345 (La.App. 2nd Cir.1987); Chelette, supra at 367.
Sue Melancon, the insurance adjuster who handled Breaux's claim for National Union, testified that she terminated *1211 Breaux's compensation benefits on January 3, 1986, because of Dr. Miller's November 18, 1985, letter which released Breaux to perform light duty work without the necessity of further medical treatment. Although we found that the vocational rehabilitation specialist and the trial court erred in not considering Breaux's psychiatric disability, we note that National Union did not receive notice of such disability until shortly before trial. On this basis we can not say that the trial court erred in not awarding Breaux penalties.
We now turn to the issue of Breaux's eligibility to receive attorney's fees. LSA-R.S. 23:1201.2 provides in pertinent part:
"Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim...."
The arbitrary and capricious standard used under the prior law still applies to attorney's fees. Theriot v. American Employees Ins. Co., 482 So.2d 648 (La.App. 3rd Cir.1986).
Considering the facts outlined hereinabove, we also find that National Union was not arbitrary and capricious in its termination of worker's compensation benefits since it relied upon medical evidence that Breaux was able to return to light duty work. Furthermore, when National Union later learned of Dr. Cloyd's conclusions that the work-accident aggravated Breaux's schizophrenia, it likewise had the right to litigate this matter since the issue brought into question Breaux's pre-existing mental condition and whether the work-accident exaccerbated it. Accordingly, we conclude that the trial court did not err in failing to award Breaux attorney's fees.
For the foregoing reasons, the judgment of the trial court against the City of Kaplan and National Union Fire Insurance Company is amended to award Rickey D. Breaux worker's compensation benefits for temporary total disability at the rate of $133.34 per week for a total of 520 weeks, with a credit for compensation benefits previously paid. In all other aspects the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendants, the City of Kaplan and National Union Fire Insurance Company.
AFFIRMED AS AMENDED AND RENDERED.