809 So.2d 1179 (2002)
Lealon JOHNSON
v.
TRANSERVE.
No. 01-1170.
Court of Appeal of Louisiana, Third Circuit.
February 27, 2002.
*1180 R. Scott Iles, Lafayette, LA, for Plaintiff/Appellee Lealon Johnson.
Charles V. Musso, Plauche, Smith & Nieset, Lake Charles, LA, for Defendant/Appellee Transerve.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD and MICHAEL G. SULLIVAN, Judges.
COOKS, Judge.
The employer appeals a judgment of the Office of Workers' Compensation awarding the claimant supplemental earnings benefits from August 17, 2000 through December 7, 2000. The claimant answered the appeal and requests this court award penalties and attorney fees for the employers failure to pay benefits. For the following reasons, we affirm the award of benefits, and render judgment awarding $2,000.00 in penalties and $5,000.00 in attorney fees.

*1181 FACTS
Lealon Johnson worked for the defendant, Transerve, maintaining railroad tracks. On April 26, 1999, Mr. Johnson alleged he suffered an injury to his back while engaged in the course and scope of his employment. Mr. Johnson was treated for a L4-5 and L5-S1 disk herniation by Dr. William Foster, a neurosurgeon and Dr. Kevin Gorin. In his March 29, 2000 report, Dr. Gorin stated Mr. Johnson was suffering from "temporary total disability" and was "not fit for duty."
Lori McGee, who represented Transerve, mailed a certified letter to Mr. Johnson on August 7, 2000. The letter provided as follows:
We have received a copy of Dr. Gorin's recommendation that he gave you on your last visit. It states that you are at MMI and you was (sic) released to participate in full-time employment at medium level. You have not contacted your employer and let them know that you are available for work. We are now requesting that you show up for work on August 8, 2000. You will be given your job instructions then. Any employee who fails to report will be considered to have resigned his/her position with the company.
Upon receiving the correspondence, Mr. Johnson spoke with his attorney about his ability to return to work. His attorney sent a letter to Ms. McGee, dated August 17, 2000, stating as follows:
This letter is in response to yours of August 4, 2000, directed to Lealon Johnson.
You sent the enclosed letter to Mr. Johnson directing him to return to work on August 8, 2000. Conspicuously, you did not mail the letter until August 7, 2000, at which time you mailed it by ordinary certified mail from Pittsburgh, Kansas, to Pitkin, Louisiana. This letter directs Mr. Johnson to return to work on August 8th. The first attempt of delivery via certified mail was not until August 9th. The second attempt was August 14th, which was a matter of six days after the return to work date.
Obviously, there is no good explanation why you would hold on to the letter for three days before mailing it and even attempt to notify Mr. Johnson of a demand to return to work in this fashion.
However, there are a number of substantive problems that are further created by your letter. First and foremost, Mr. Johnson is represented by me. As a represented person, anything regarding this claim should go through me before going to Mr. Johnson as a matter of ethics.
Furthermore, Dr. Gorin is not Mr. Johnson's treating physician in his judgment. Instead, Dr. William Foster is. Is there any work release to any level of duty by Dr. Foster?
Please consider this a demand that you provide me with all medical records pertinent to Mr. Johnson in keeping with LSA-R.S. 23:1125.
In response to the correspondence sent by Mr. Johnson's attorney, Ms. McGee sent the following letter:
In responding to your letter dated 8/28/2000, first, we have never received any papers stating that you are representing Mr. Johnson. Second, we do not hand out information to anyone that inquires about an employee without their approval. Third, I have never received a copy of that letter dated 8/17/2000. Do you have a return receipt for that?
After receipt of this letter, counsel for Mr. Johnson concluded litigation was inevitable, and filed a claim with the Office of Workers' Compensation on September 29, 2000.
*1182 Transerve terminated Mr. Johnson's benefits on August 17, 2000. On December 7, 2000, counsel for Mr. Johnson received a letter from Transerve's counsel offering Mr. Johnson light-duty employment.
The issue at trial was whether Mr. Johnson was entitled to benefits from the date his benefits were terminated, August 17, 2000 through June, 2001. Transerve did not contend Mr. Johnson was able to return to his prior position, but argued he was able to return to light-duty employment which it claimed was offered to him in the August 7th letter.
After a trial on the merits, the workers' compensation judge ruled Mr. Johnson was entitled to supplemental earnings benefits from the date benefits were discontinued through December 7, 2000. The judge gave the following oral reasons for her decision:
Based on Ms. McGee's letter and also based upon the fact that the letter gave the claimant a date and the time to present for work and the day was passed when the claimant received the letter, that job offer was not a valid offer of light-duty employment. In fact, I'm not sure whether she, in fact, offered light-duty employment. She offered medium-duty employment. And even after the claimant spoke with Ms. McGee by telephone sometime after August 14th, and that date is unknown exactly what dateexactly what date he spoke with Ms. McGee, it is unclear what type of arrangements were made for the claimant to return to work, date, time, place, etcetera. So, the Court cannot find that Mr. Johnson should have been back at work around this August date. However, it is very clear that in Mr. Musso's [defense counsel] letter of December 5th, Transerve had a light-duty job available for the claimant.
The judgment was silent as to Mr. Johnson's request for penalties and attorney fees. Transerve appealed the judgment contending the workers' compensation judge erred in awarding supplemental earnings benefits to Mr. Johnson. An answer to the appeal was filed by Mr. Johnson requesting we amend the judgment to award penalties and attorney fees.

STANDARD OF REVIEW

I. Supplemental Earning Benefits.
An appellate court may not set aside the factual findings of a workers' compensation judge in the absence of manifest error. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96); 685 So.2d 661. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where there is a conflict in the testimony, "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review" even should the appellate court feel its own evaluations and inferences are reasonable. Stobart v. State through Dep't of Transp. and Dev., 617 So.2d 880 (La.1993). Deference is due the factfinder's determinations regarding the credibility of witnesses "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Rosell v. ESCO, 549 So.2d 840 (La.1989).
La.R.S. 23:1221(3) provides an injured employee is entitled to supplemental earnings benefits where he is unable to earn ninety percent of his pre-injury wages. The claimant bears the burden of proving by a preponderance of the evidence that he is unable, because of injury, to earn ninety percent of his pre-injury *1183 wages. If the employee is able to meet his initial burden, then the burden shifts to the employer to prove the amount of wages the employee is able to earn. The employer may discharge that burden by proving the employee is able to perform a job and that job was either offered to the employee or available to the employee. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Foreman v. West Calcasieu-Cameron Hosp., 625 So.2d 1104 (La. App. 3 Cir.1993), writ denied, 93-2740 (La.1/7/94); 631 So.2d 450. Transerve conceded at trial that Mr. Johnson was unable to perform the duties of his prior position after his injury. Therefore, the burden shifted to Transerve to demonstrate there was a job available to Mr. Johnson that he was physically able to perform.
Transerve argues Lori McGee spoke with Mr. Johnson in August of 2000, and told him Transerve would make whatever accommodations were necessary to facilitate his return to work. Mr. Johnson stated he spoke with Ms. McGee and she offered him a job. However, he did not act on her offer, because he wanted to talk to his doctor and attorney before attempting to return to work. His attorney advised him he could not safely return to "medium level" employment as indicated in the August 4, 2000 letter.
The workers' compensation judge noted, although there was a conversation between Mr. Johnson and Ms. McGee, it was "unclear what type of arrangements were made for the claimant to return to work." The only offer of employment found in the record (prior to the letter sent by defense counsel in December offering light-duty employment) identifies the work as "medium level." We also note the August 4th letter did not identify any specific job or type of work available to Mr. Johnson, but stated he would be given job instructions when he reported. Transerve failed to meet its burden of showing Mr. Johnson was physically able to perform the job that was offered and available to him. Therefore, the judgment awarding him supplemental earnings benefits is affirmed.

II. Penalties and Attorney Fees.
The determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation proceeding is a question of fact, and we will not disturb a workers' compensation judge's findings absent manifest error. See Wiltz v. Baudin's Sausage Kitchen, 99-930 (La.App. 3 Cir. 6/19/00); 763 So.2d 111, writ denied, 00-2172 (La.10/31/00); 771 So.2d 650. After examining the record, we note the workers' compensation judge's oral reasons for judgment and the judgment itself were silent on the issue of penalties and attorney fees. Upon reviewing the transcript of the trial, no mention was made as to the issue of penalties and attorney fees, although Mr. Johnson asked for penalties and attorney fees in his claim, and this request was reiterated in pre-trial filings. Mr. Johnson answered Transerve's appeal seeking an award for penalties and attorney fees.
It is well settled that "... where a judgment is silent on a demand at issue under the pleadings, such silence constitutes an absolute rejection of the demand. Dowden v. Mid State Sand & Gravel Co., 95-231 (La.App. 3 Cir. 11/2/95); 664 So.2d 643, writ denied, 95-2864 (La.2/2/96); 666 So.2d 1099." Cooks v. Rodenbeck, 97-1389, p. 7 (La.App. 3 Cir. 4/29/98); 711 So.2d 444, 448. Accordingly, we address this aspect of the case as though the trial court specifically rejected these demands. Breaux v. National Union Fire Ins. Co., 527 So.2d 1207 (La.App. 3 Cir.1988).
La.R.S. 23:1201 which governs the award of penalties and attorney fees in *1184 workers' compensation cases reads in pertinent part:
B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
* * * *
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
La.R.S. 23:1201 clearly provides penalties and attorney fees for failure to timely pay benefits shall be assessed unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. Brown v. Texas-LaA Cartage, Inc., 98-1063 (La.12/1/98); 721 So.2d 885.
Although Transerve argues it transmitted an offer to Mr. Johnson to return to work, there is no indication in the record any specific job was offered to Mr. Johnson within his particular physical restrictions. Despite this the employer terminated his benefits, requiring Mr. Johnson to go forward and litigate his entitlement to benefits.
Accordingly, we find the workers' compensation judge erred in failing to award Mr. Johnson penalties and attorney fees. Accordingly, judgment is rendered herein awarding him $2,000.00 in penalties and a total, for both the trial and appellate representation and $5,000.00 in attorney fees for the work performed by his attorney below and on appeal.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation awarding Lealon Johnson supplemental earnings benefits from the date of termination through December 7, 2000 is affirmed. We reverse that portion of the decision which impliedly rejected the demand for penalties and attorney fees and award Lealon Johnson $2,000.00 in penalties and $5,000.00 in attorney fees. All costs of this appeal are assessed against Defendant-Appellant, Transerve.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.