liPETERS, J.
Toby Armentor filed a claim for workers’ compensation benefits, asserting that he sustained injuries to his neck and back while in the course of his employment with Arrow Pest Control (Arrow). Armentor and Arrow stipulated that Armentor did in fact sustain a work injury on May 6, 1998, and that Armentor is currently temporarily, totally disabled. Additionally, the parties stipulated that Arrow has paid Armentor weekly benefits following the accident with the exception that benefits were terminated on June 29, 2000, and reinstated on February 23, 2001.
*380 Armentor’s claim was heard on July 18, 2001, on various issues related to the payment of indemnity and medical benefits and penalties and attorney fees. The workers’ compensation judge increased the weekly compensation rate, awarded penalties for the underpayment of indemnity benefits, held that Arrow reasonably controverted its failure to immediately authorize neck surgery, awarded Armentor a penalty of $250.00 for Arrow’s failure to send him a copy of all physician reports, awarded penalties of $2,000.00 for Arrow’s failure to authorize a prescription for Pax-il, awarded $5,000.00 in attorney fees regarding the underpayment of indemnity benefits, and awarded $2,000.00 in attorney fees regarding the failure to authorize the prescription for Paxil. Both Armentor and Arrow have appealed this judgment.
Armentor contends that the workers’ compensation judge erred in failing to award penalties for Arrow’s failure to timely authorize neck surgery, failure to timely pay mileage, and failure to authorize physical therapy. Regarding the delay in authorizing neck surgery, the workers’ compensation judge found as follows:
Dr. Thomas Butaud was initially examined [sic] the claimant as the defendant’s choice of orthopedist. Dr. Butaud later refused to examine the claimant indicating he was giving up his practice related to the treating of back injuries, and he would therefore no longer examine or treat the claimant for that type of injury. Defendant attempted to change its choice of physician several times. Ultimately, the court allowed l2claimant to be examined by defendant’s next choice of orthopedist, Dr. Lynn Foret. After the court order, the claimant failed to attend the initial examination of Dr. Foret, because the examination was scheduled for two consecutive days and clarification was needed on whether Dr. Foret could examine claimant’s neck and back. The Court ordered an examination of only the claimant’s neck. After Dr. Foret agreed that neck surgery was reasonable and necessary, neck surgery was authorized. In light of the circumstances, this portion of the claim was reasonably controverted.
The record supports the denial of penalties for the delay in authorizing neck surgery because, through no fault of its own, Arrow had difficulty securing an examination with its choice of physician. In fact, Armentor stipulated at trial that he failed to attend independent medical examinations scheduled with Dr. James Perry, an orthopedic surgeon, and with Dr. Foret, although he eventually submitted to an examination by Dr. Foret. We find no manifest error in the workers’ compensation judge’s denial of penalties in this regard.
The judgment is silent on the issue of penalties and attorney fees regarding mileage reimbursement, which silence is tantamount to a rejection of the claim. See Johnson v. Transerve, 01-1170 (La.App. 3 Cir. 2/27/02), 809 So.2d 1179. However, the record reflects that these expenses were not timely paid. Additionally, as we appreciate the trial stipulation by Arrow’s attorney, he was under the impression that Arrow’s third-party insurance administrator was taking care of the claim. This lack of administrative coordination provides no safe haven for Arrow, and the workers’ compensation judge erred in failing to award penalties and attorney fees in this regard. Due to the length of the delay, we assess a penalty of $2,000.00. Additionally, we award attorney fees of $1,000.00.
Concerning the failure to authorize further physical therapy, Arrow’s attorney stipulated the following at the hearing: “The adjuster did receive the request and ^denied the physical therapy on the basis *381 of Mr. Armentor having received 52 treatments with no improvement and also a failure to attend independent medical examinations that had been scheduled in the past by the employer.” The record contains a letter from Hebert & Thibodeaux Physical Therapy dated January 13, 2000, to Armentor’s attorney, to the effect that attempts to obtain approval for Armentor’s physical therapy had been rejected. Importantly, the record also contains an office note of December 29, 1999, by Ar-mentor’s treating orthopedist, Dr. Dale Bernauer, that provides: “He states that he feels physical therapy is no longer helping decrease his pain.” Dr. Bernauer did not indicate in his office note of that date that Armentor should pursue further physical therapy but recommended neck surgery. The workers’ compensation judge failed to find that Armentor was entitled to further physical therapy, and that finding is not manifestly erroneous. Thus, concomitantly, the workers’ compensation judge was not manifestly erroneous in failing to award penalties in that regard.
Arrow contends on appeal that the workers’ compensation judge erred in awarding penalties and attorney fees for its failure to authorize Paxil. In so holding, the workers’ compensation judge stated: “Defendant’s choice of physician, Dr. Butaud, wrote a prescription of Paxel [sic]. This drug was not authorized, nor did defendant reasonably controvert why it faked to authorize the drug.”
We note that the workers’ compensation judge erred factually in finding that Arrow’s choice of physician, Dr. Butaud, had prescribed the Paxil. In fact, the record reveals that Armentor’s choice of orthopedist, Dr. Bernauer, prescribed the Paxil, stating: “People with chronic pain are very often depressed and need to be treated for this condition.” (Armentor even concedes in brief that Dr. Bernauer prescribed the RPaxil.) Importantly, following the issuance of this prescription, Arrow repeatedly attempted to have Armentor seen by its choice of physician, which attempts proved unfruitful for some time through no fault of Arrow’s, effectively eviscerating Arrow’s entitlement to have the information necessary for it to take a position on the validity of the claim. Moreover, the requirement of La.R.S. 23:1021(7)(c) and (d) that a mental injury or illness be diagnosed by a licensed psychiatrist or psychologist provided Arrow with grounds to reasonably controvert the diagnosis and treatment of depression by an orthopedist.[1] Thus, we find that the workers’ compensation judge erred in awarding penalties of $2,000.00 and attorney fees of $2,000.00 for Arrow’s failure to authorize the Paxil prescription.
Finally, Armentor contends that the workers’ compensation judge erred in the amount of the attorney fees awarded. Having reversed the $2,000.00 award of attorney fees regarding the Paxil prescription and having awarded $1,000.00 for the failure to timely pay mileage reimbursements, we find no abuse of discretion in the amount of the attorney fee award. See generally Duhon v. Trend Servs., Inc., 01-1194 (La.App. 3 Cir. 3/6/02), 809 So.2d 1222. We do note that the workers’ compensation judge assessed a penalty of $250.00 for Arrow’s failure to send Armentor a copy of certain physician reports pursuant to La.R.S. 23:1125 but failed to award reasonable attorney fees as required by the statute. Arrow conceded in its post-trial brief that Armentor is entitled to a penalty and attorney fees in this *382 regard. Accordingly, we assess attorney fees of $250.00 for Arrow’s failure to comply with La.R.S. 23:1125. We additionally award $750.00 in attorney fees for work done on appeal.
1 .DISPOSITION
For the foregoing reasons, we reverse the workers’ compensation judge’s failure to award penalties and attorney fees for Arrow’s failure to timely pay mileage reimbursement, and we assess penalties of $2,000.00 and attorney fees of $1,000.00 in that regard. Additionally, we reverse the workers’ compensation judge’s award of penalties and attorney fees for Arrow’s failure to authorize the Paxil prescription. Further, we assess attorney fees of $250.00 for Arrow’s failure to timely supply Armentor with a copy of certain physician reports. Also, we assess $750.00 in attorney fees for work done on appeal. We otherwise affirm the judgment below in all respects. Finally, we assess fifty percent of the costs of this appeal to Toby Armentor and fifty percent of the costs to Arrow Pest Control.
REVERSED IN PART; AFFIRMED IN PART; RENDERED IN PART.

. We note that we do not at this juncture consider whether this case would fall within the perimeters of La.R.S. 23:1021(c) and (d). Rather, we find only that the statutory provisions certainly provided a reasonable ground for controverting the diagnosis and treatment of depression by an orthopedist.