657 So.2d 194 (1995)
Dale N. DUPRE, Plaintiff-Appellee,
v.
INDUSTRIAL GARMENT & SUPPLY OF LA, et al., Defendants-Appellants.
No. 94-1456.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
*195 Alex D. Chapman Jr., Ville Platte, for Dale N. Dupre.
David Keith Johnson, Baton Rouge, for Industrial Garment & Supply of Louisiana.
Before KNOLL, COOKS and PETERS, JJ.
PETERS, Judge.
This is a workers' compensation case in which the plaintiff, Dale N. Dupre, seeks to recover benefits from her former employer, Industrial Garment & Supply of Louisiana (Industrial), and Louisiana Workers' Compensation Corporation, its insurer. Ms. Dupre seeks benefits because she suffers from carpal tunnel syndrome. After trial the hearing officer rendered judgment in favor of Ms. Dupre awarding supplemental earnings benefits, medical benefits, penalties, and attorney fees. The employer and its insurer have appealed contending the hearing officer erred (1) in finding that the carpal tunnel syndrome was caused by Ms. Dupre's employment with Industrial and (2) in awarding penalties and attorney fees.

DISCUSSION OF THE RECORD
Ms. Dupre was employed by Industrial between February 8, 1993, and June 16, 1993. Her regular job duties included attaching a front side pocket and inserts on a garment. However, on a Thursday in April of 1993, Ms. Dupre's supervisor, Cora Cole, asked her to help complete some "elastic work" which entailed attaching elastic on the back of coveralls. This activity required a procedure different from her normal routine *196 in that it involved cutting the elastic, attaching it to one end of a garment, and pulling and stretching the elastic while sewing it onto the garment. Ms. Dupre testified that after performing this procedure approximately ninety times, her right hand began to hurt. The next day, she completed approximately seventy garments using the same procedure, and at the end of the day her hand was again hurting. Ms. Dupre testified that over the weekend she suffered from pain in both hands, but mainly in the right. When she returned to work the following Monday, Ms. Dupre informed Ms. Cole of the pain in her hand and advised Ms. Cole that she was going to have a doctor check her hand during an appointment in connection with an unrelated matter.
Ms. Dupre testified that she was first seen by her personal physician, Dr. Henry J. Dupre, and then by the company doctor, Dr. Richard Harmon. Although no testimony or reports of these physicians were entered into evidence, Ms. Dupre testified that both doctors diagnosed her condition as carpal tunnel syndrome. Dr. Harmon referred Ms. Dupre to Dr. Ladislas Lazaro, III, an Opelousas, Louisiana, orthopedic surgeon. Dr. Lazaro first examined Ms. Dupre in May of 1993, and diagnosed her condition as carpal tunnel syndrome which appeared to be more significant on the right than the left. He then referred Ms. Dupre to Dr. James Domingue for nerve conduction studies, the results of which confirmed nerve conduction problems. On June 16, 1993, Dr. Lazaro saw Ms. Dupre again and suggested that she consider surgical management of her condition. That date was also the last date of Ms. Dupre's employment with Industrial.

OPINION
We first note that an injury due to work-related carpal tunnel syndrome is included as an occupational disease. La.R.S. 23:1031.1(B). The defendants do not contest that Ms. Dupre suffers from carpal tunnel syndrome but contend that she failed to carry her burden of proving that her condition was job-related. In doing so, the defendants rely on La.R.S. 23:1031.1(D), which provides:
D. Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by an overwhelming preponderance of evidence.

(Emphasis added).
As of April of 1993, Ms. Dupre had been employed by Industrial for approximately two months. Therefore, it is necessary for her to establish the work-related nature of her condition by an overwhelming preponderance of evidence.
Prior to her employment with Industrial, Ms. Dupre had worked for Jantzen for approximately eight years and for Quality Manufacturing for a year and a half. In her prior employment with Quality Manufacturing she performed tasks similar to her principal assignments at Industrial. She testified that at no time previously did she have any difficulty with her hands or wrists. She indicated that while working at Quality Manufacturing she did do some elastic work but it was not her principal duty.
Ms. Cole's testimony appears to contradict Ms. Dupre's testimony concerning pain prior to the incidents in question. Ms. Cole supervised Ms. Dupre at both Quality Manufacturing and Industrial, and the two worked together at Jantzen. According to Ms. Cole, the plaintiff had complained while at Quality Manufacturing that the movement of folding a certain pocket caused pain in her hands. However, Ms. Cole acknowledged that Ms. Dupre complained only once at Quality Manufacturing and twice at Industrial about having problems doing her job. The two complaints at Industrial were the incidents giving rise to this suit.
The only medical testimony offered into evidence is the deposition of Dr. Lazaro. *197 Concerning causation, Dr. Lazaro found Ms. Dupre to be a credible patient, and based on her history and his examination, he related her carpal tunnel syndrome condition to her work activity in April of 1993.
According to Dr. Lazaro, there are two scenarios in which cumulative stress can lead to carpal tunnel syndrome: (1) The chronic carrying out of a job with the hands over a long period of time and (2) a work or trauma situation where duties might change or there might be several days of exceptionally vigorous activity. The doctor concluded that, based on her history, Ms. Dupre was in the latter category. Dr. Lazaro indicated long-term carpal tunnel difficulties would bring forth atrophy if the nerve compression was significant over a long period of time. He did find that Ms. Dupre showed no signs of atrophy. Concerning the length of time required for a "long-standing problem" of carpal tunnel, Dr. Lazaro stated:
I find in her age group, and she was about 49, ... to get atrophy, in somewhere between six months and a year. And this simply means that the nerve is very, very slowly compressed, and the patients generally don't notice it as much. And then, they'll start to experience losses, and not be as aware. In contrast to this lady, who I think probably overexerted on one, two or three days, and then got some swelling and tightness, and had an acute situation, and then it's residuals.
He further testified that in the event atrophy was present, a physician would know that it had been developing for a "long, long" time prior to the time the physician saw the patient. Additionally, he stated that in the event a physician does not find atrophy to be present, but only positive clinical signs, the assumption is that the problem has only recently manifested itself.
The hearing officer concluded that Ms. Dupre carried her burden of proof by an overwhelming preponderance of the evidence. Specifically, the hearing officer found Ms. Dupre to be a credible witness and found the medical evidence credible. In workers' compensation cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La. 1/14/94); 630 So.2d 733. We should not disturb reasonable evaluations of credibility and reasonable inferences of fact upon review where conflict exists in the testimony. Id. In light of Dr. Lazaro's testimony that the carpal tunnel syndrome was probably related to the incident in question and Ms. Dupre's testimony concerning the lack of problems with her hands prior to the incident, the onset of the problems in relation to the incident, the change from her regular job duties, and the nature of the different duties, we find no manifest error in the hearing officer's finding that the carpal tunnel syndrome was caused by the job at Industrial.
The hearing officer awarded penalties and $2,000.00 in attorney fees. Industrial contends it should not be penalized for bringing this matter to court as it involves close factual and legal issues concerning the cause of Ms. Dupre's disability.
Penalties shall be added unless the employee's right to compensation or medical benefits has been reasonably controverted. La.R.S. 23:1201(E). Additionally, failure to timely pay claims due, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer or insurer to payment of all reasonable attorney fees for the prosecution and collection of such claims. La.R.S. 23:1201.2. However, an employer should not be penalized for bringing close factual or legal issues to court. Lindon v. Terminix Services, Inc., 617 So.2d 1251 (La.App. 3 Cir.), writ denied, 624 So.2d 1226 (La.1993).
Ms. Dupre testified that she had not received any compensation benefits since she last worked at Industrial. However, it appears that the defendants did pay medical bills except for the cost of surgery which Ms. Dupre had not yet undergone. Although we assume that the defendants refused to pay compensation based on lack of causation, they have presented no evidence as to what they relied on in making the determination of lack of causation. We might well affirm the award on that basis alone.
In any event, we do not find reliance on Ms. Cole's testimony concerning a prior complaint *198 of pain at Quality Manufacturing and the enhanced burden of proof in a case such as this sufficient grounds to reasonably controvert the evidence presented by Ms. Dupre. This is especially so in light of Dr. Lazaro's testimony, the lack of contradictory medical evidence, Ms. Dupre's testimony, and Ms. Dupre's actions following the initial incident. For the same reasons, we find the failure to pay compensation arbitrary, capricious, and without probable cause. Thus, we affirm the award of penalties and attorney fees.

DISPOSITION
For the foregoing reasons, we affirm the judgment in favor of Ms. Dupre and assess costs of this appeal to the defendants.
AFFIRMED.