1GREMILLION, Judge.
The defendants, Southwest Fabricators, Inc. and its insurer, The Gray Insurance Company, appeal a judgment by the workers’ compensation judge ordering them to reimburse the plaintiff, Mark Wagner, for travel expenses resulting from his job-search activities. We affirm.
Wagner submitted a request for payment of mileage expenses incurred by him while searching for employment. When Southwest Fabricators and its insurer refused to pay these expenses, Wagner filed a Motion to Compel Payment of Mileage Expenses, Penalties, and Attorney’s Fees. At the hearing on the motion, the parties stipulated that there were no facts in dispute. In ruling in Wagner’s favor, the workers’ compensation judge noted that the travel expenses incurred by him resulted from travel to jobs identified by Southwest Fabricators’ vocational rehabilitation counselor. The workers’ compensation judge stated:
|2I think that this is the job search, and the mileage that he has incurred, as a result thereof is in pursuit of meaningful vocational rehabilitation. And I think it’s reasonable and necessary, and therefore I’m going to say that the employer, *1263 Southwest Fabricators, Inc., is obligated to pay the mileage reimbursement insofar as the claimant, Mark Wagner, presents sufficient documentation of his travel to and from the employers who are listed in the jobs provided by the vocational rehabilitation counselor.
In Henry v. Schwegmann Giant Supermarkets, Inc., 95-327 (La.App. 5 Cir. 12/13/95); 665 So.2d 740, writ denied, 96-410 (La.3/29/96); 670 So.2d 1235, the court affirmed an award to the plaintiff of travel expenses she incurred traveling to her attorney’s office so she could meet with the vocational rehabilitation counselor. The court held that this was an expense related to her rehabilitation.
We agree with the Henry court and the workers’ compensation judge that the expenses incurred by Wagner are rehabilitation related. The workers’ compensation judge stated that “but for the work accident, Mr. Wagner would not be incurring any expense to find a job in keeping with the restrictions given to him by his physician.” Even though La.R.S. 23:1226 does not specifically provide for reimbursement of these expenses, as argued by the defendants, we find no error under the facts of this case in the workers’ compensation judge’s inclusion of these expenses in the rehabilitation services to which the employee is entitled, especially in view of the judicial tenet favoring the liberal interpretation of workers’ compensation laws.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. The costs of this matter are assessed to the defendants-appellants, Southwest Fabricators, Inc. and The Gray Insurance Company.
AFFIRMED.