780 So.2d 630 (2001)
Bertha M. BURRUSS
v.
CENTRO MANAGEMENT, INC.
No. 00 01274-WCA.
Court of Appeal of Louisiana, Third Circuit.
February 28, 2001.
George A. Flournoy, Flournoy, Doggett & Losavio, Alexandria, LA, Counsel for: Bertha M. Burruss.
Patricia L. Barfield, Egan, Johnson & Stiltner, Shreveport, LA, Counsel for: LWCC and Centro Management, Inc.
Court composed of DOUCET, Chief Judge; PETERS and AMY, Judges.
PETERS, Judge.
This workers' compensation litigation arises out of a claim by Bertha M. Burruss for mileage reimbursement in connection with her commute for vocational schooling. The workers' compensation judge held in *631 favor of Ms. Burruss on the issue and awarded a twelve percent penalty on the total amount of the outstanding mileage request together with $5,000.00 in attorney fees. Ms. Burruss' employer, Centro Management, Inc. (Centro), and the workers' compensation insurer, Louisiana Workers' Compensation Corporation (LWCC), appeal that judgment. Ms. Burruss has answered the appeal, seeking an increase in attorney fees for work necessitated by the appeal.
The parties stipulated that the round-trip from Ms. Burruss' home to Lamar Salter Technical College is twenty miles. La.R.S. 23:1226(E) provides in part: "If a retraining program requires residence at or near the facility or institution and away from the employee's customary residence, reasonable cost of board, lodging, or travel shall be borne by the employer or insurer." Centro and LWCC contend that the workers' compensation judge erred in awarding mileage for travel to and from a retraining program that did not require residence away from Ms. Burruss' customary residence.
In Wagner v. Southwest Fabricators, Inc., 98-1955 (La.App. 3 Cir. 5/12/99); 734 So.2d 1262, the employee sought payment of mileage expenses incurred while searching for employment. We held that the expenses were rehabilitation related and affirmed the judgment awarding the reimbursement. In so holding, we stated:
In Henry v. Schwegmann Giant Supermarkets, Inc., 95-327 (La.App. 5 Cir. 12/13/95); 665 So.2d 740, writ denied, 96-0410 (La.3/29/96); 670 So.2d 1235, the court affirmed an award to the plaintiff of travel expenses she incurred traveling to her attorney's office so she could meet with the vocational rehabilitation counselor. The court held that this was an expense related to her rehabilitation.
We agree with the Henry court and the workers' compensation judge that the expenses incurred by [the employee] are rehabilitation related. The workers' compensation judge stated that "but for the work accident, [the employee] would not be incurring any expense to find a job in keeping with the restrictions given to him by his physician." Even though La.R.S. 23:1226 does not specifically provide for reimbursement of these expenses, as argued by the defendants, we find no error under the facts of this case in the workers' compensation judge's inclusion of these expenses in the rehabilitation services to which the employee is entitled, especially in view of the judicial tenet favoring the liberal interpretation of workers' compensation laws.
Id. at 1263.
Likewise, in the instant case, the travel expenses are clearly rehabilitation related, and, but for the work accident, Ms. Burruss would not have incurred these expenses. Thus, we find no error in the workers' compensation judge's inclusion of these expenses in the rehabilitation services to which Ms. Burruss is entitled.
In any event, Centro and LWCC contend that the workers' compensation judge erred in awarding attorney fees, given the wording of La.R.S. 23:1226(E) and the lack of jurisprudence directly addressing this issue.[1] We have held that an employer should not be penalized for bringing a close legal issue to court. See Dupre v. Industrial Garment & Supply of LA, 94-1456 (La.App. 3 Cir. 5/3/95); 657 So.2d 194. Were it not for our decision in Wagner, 734 So.2d 1262, we would consider the legal issue in this case to be a close one. However, in light of our affirmation in Wagner of the award of travel expenses that were "rehabilitation related," we do not find the legal issue in the instant case *632 to be a close one where the very issue is whether the clearly "rehabilitation related" travel expenses are due.
Moreover, in the instant case, the evidence does not indicate that LWCC denied the reimbursement on the basis that the issue was a close one. Rather, the evidence indicates that the denial was based on an internal LWCC policy. Ann Hotard, an LWCC claims representative, testified as follows:
Q Well, are there, are there instances when you pay?
A I have never paid for voc rehab mileage.
Q You've never paid for voc rehab mileage, is that correct?
A Correct.
Q And that's been your position since you've been a claims representative?
A Yes, Sir.
Q Are you aware of decisions by OWC judges and appellate courts to the effect that it is proper to pay travel for voc rehab?
A I have heard that in some instances we have been requested to pay.
Q No, it's not a matter of being requested. It's instances where you have been ordered to pay. You are aware of that, are you not, that some OWC judges as well as appellate courts have ordered the payment of travel for vocational rehab purposes?
A Yes.
Q And, as far as you know, all other claim representatives under this particular claims manager do not pay for travel for voc rehab purposes. As far as you know.
A I think they, I think it's basically considered on a case by case. I can't, I, I don't know how the other reps handle their cases and what they've been told.
Q Well, you just told us that, as far as you're concerned, you've never paid for voc rehab travel.
A I have never paid, correct.
Q And, as far as you know, your team leader has never authorized the payment of voc rehab travel for any of the claims reps in her team.
A Correct.
This evidence supports a finding of arbitrary and capricious behavior in that the refusal to pay mileage reimbursement was without regard for the facts and circumstance of the case, and we find no manifest error in the workers' compensation judge's finding that an award of attorney fees was appropriate.
However, Centro and LWCC contend that the amount of the attorney fee award, $5,000.00, is an abuse of discretion. In McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694, the supreme court explained that the amount of the statutory attorney fee rests within the discretion of the workers' compensation judge, provided the amount is supported by the record. The court also set forth some of the factors for the judge to consider in fixing the attorney fees, which include the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the time devoted to the case. See id. The court also referenced the Louisiana Rules of Professional Conduct, Rule 1.5. See id. Approximately one month later, the third circuit, sitting en banc, rendered Langley v. Petro Star Corp. of LA, 00-699 (La.App. 3 Cir. 12/29/00); ___ So.2d ___, 2000 WL 1886348, in which we held that, in addition to these factors, it is not improper to consider the degree of bad faith on the part of the employer in determining the amount of the attorney fees to be imposed.
In the instant case, the record is very small, and the only evidence submitted was the eight-page deposition of Ms. Hotard. Further, in light of our decision in Wagner, 734 So.2d 1262, the issue presented did not require the use of great skill or ability to bring the matter to resolution. Further, the amount of the claim and the *633 amount recovered were very small. However, the workers' compensation judge obviously also took into account the bad faith of LWCC in failing to pay the mileage reimbursement, stating in part:
This employee, entitled to rehabilitation, would not be required to travel the 20 miles round trip each day for vocational retraining if she was not disabled by a work injury. Yet, the adjuster testified the insurer never paid mileage expenses related to rehabilitation. Accordingly, she gave no thought to the inconvenience caused the injured worker in traveling the miles necessary to be retrained, the expenses incurred by the worker, the depreciation to the worker's vehicle and to reiterate, the fact that it is the work accident that make [sic] the travel necessary. The employer should have considered these things before deciding not to pay the mileage reimbursement expenses. In this case, the refusal to pay the requested expenses was based on neither the circumstances of this claim nor the worker's situation.
We find no abuse of discretion in the high attorney fee award when the bad faith of LWCC in paying the claim is taken into consideration.
Ms. Burruss has answered the appeal, seeking additional attorney fees for work done on appeal. We award $2,500.00 for the work done on appeal.

DISPOSITION
For the foregoing reasons, we affirm the workers' compensation judge's decision in all respects. We also award $2,500.00 in attorney fees for work done on appeal and assess costs of the appeal to Centro and LWCC.
AFFIRMED AND RENDERED.
AMY, J., concurs in the result.
NOTES
[1] The parties submitted a joint stipulation to this appellate court to the effect that Ms. Burruss is not entitled as a matter of law to the penalties awarded by the workers' compensation judge and that Ms. Burruss will not seek to enforce the judgment to the extent of the penalty award.