| .PETERS, J.
We revisit this case on remand from the supreme court for consideration of Haynes’s claim for attorney fees regarding WFA’s discontinuance of vocational rehabilitation services. See Fontenot v. Reddell Vidrine Water Dist., 02-0439, 02-0442, 02-0478 (La.1/14/03), 836 So.2d 14. In its opinion, the supreme court held that “for purposes of vocational rehabilitation, it is the duty of the vocational rehabilitation consultant to examine the job pool in the worker’s geographic area.” Id. at 28. Thus, the supreme court reversed our original holding that WFA had discharged its obligation by offering Haynes a modified light-duty position with WFA in Pine-ville, Louisiana, WFA’s geographic region, rather than in Breaux Bridge, Louisiana, Haynes’s geographic region after his move from the Pineville area. In light of the supreme court’s pronouncements, we now revisit Haynes’s contention that the workers’ compensation judge erred in failing to address the arbitrary discontinuance of vocational rehabilitation.
Louisiana Revised Statutes 23:1201.2 provides in part: “Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.” Importantly, “an employer should not be penalized for bringing a close legal issue to court.” Burruss v. Centro Mgmt., Inc., 00-1274, p. 2 (La.App. 3 Cir. 2/28/01), 780 So.2d 630, 631. In the instant case, a substantial legal issue existed, as evidenced by the discrepancy in the views expressed in the supreme court’s majority opinion, the dissenting opinion, and our original opinion. The legislature’s use of the disjunctive “or” in La.R.S. 23:1221(3) (c) (i) coupled with a lack of prior jurisprudence from the supreme court on the issue | ¡.provided WFA with reasonable grounds to discontinue benefits. Thus, WFA was not arbitrary, capricious, or without probable cause in discontinuing benefits. Accordingly, we affirm the workers’ compensation judge’s implicit denial of attorney fees in this regard. We assess costs in the same manner as in our original opinion.
AFFIRMED AS TO THE LIMITED ISSUE BEFORE THE COURT.
SAUNDERS, J., dissents and assigns written reasons.