1,KLEES, Chief Judge.
This appeal arises out of a workers’ compensation claim that was filed by Jim McCarroll against his employer, Airport Shuttle, Inc., and its insurer, the Insurance Company for the State of Pennsylvania (hereinafter “ICSP”). ICSP subsequently filed a third party demand against Business Insurance Company (hereinafter “BICO”), alleging that BICO also issued a policy of insurance to Airport Shuttle, Inc. which provided coverage for claimant’s injuries. The matter proceeded to trial and was concluded on September 22, 1998. By judgment dated November 20, 1998, the workers’ compensation judge rendered judgment in claimant’s favor. Defendants ICSP and BICO now suspensively appeal from this judgment. We affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY

The record reveals the following factual situation:
Jim McCarroll, claimant herein, began employment with Airport Shuttle, Inc. as a part-time worker in 1992. His primary duty was to drive passengers with their luggage between the New Orleans Airport and various local hotels. Mr. | ^McCarroll sustained a work-related injury on March 21, 1996 when he attempted to lift a scoot *830 er/wheelchair from the back of his van. Mr. McCarroll testified that on this date he experienced severe pain in his left groin; and he informed his employer of the injury but continued to work. Mr. McCar-roll stated that this injury continued to cause pain, and he asked his employer to see a company doctor. He was given an injection for the pain, but Mr. McCarroll stated the pain continued and he wore a back brace to try to alleviate the pain.
On April 3,1997, Mr. McCarroll testified that he felt pain in the area again while lifting a piece of luggage, and was no longer able physically to perform his duties as a van driver. Mr. McCarroll sought medical treatment for this condition, and underwent hernia repair surgery. His treating physician restricted him to light duty employment. Although Airport Shuttle offered Mr. McCarroll a position in the guard shack at the airport, he did not accept this position. At the time of trial, claimant was working part-time as a bus driver.
On December 16, 1996, Mr. McCarroll filed a claim for workers’ compensation benefits for his injuries, listing the accident date as March 21, 1996 and stating that the accident occurred while claimant was unloading a wheelchair. Defendant Airport Shuttle, Inc. answered and listed its insurer for March 21, 1996 to be ICSP. Subsequently, ICSP discontinued coverage of Airport Shuttle effective December 31, 1996.
Thereafter, claimant discontinued his employment with Airport Shuttle and stated that he re-injured himself on April 3, 1997. On September 15, 1997, ICSP | «filed a third party demand against BICO on the basis that BICO was Airport Shuttle’s insurer on April 3, 1997. Mr. McCarroll subsequently filed a claim for benefits listing BICO as his employer’s workers’ compensation insurer. These two claims were consolidated for review in the lower court.
Following trial, the workers’ compensation judge found the date of the accident to be March 21, 1996, and found the incident on April 3,1997 was merely a worsening of pain due to the prior injury. The judge concluded that based on the date of the accident ICSP is the workers’ compensation insurer who is liable. The workers’ compensation judge also found that claimant could not earn at least 90% of his pre-injury wages and he was therefore entitled to supplemental earnings benefits. In addition, the judge found that ICSP was hable for additional surgery that the medical reports introduced at trial indicate claimant may need. Finally, the workers’ compensation judge found that both defendants, ICSP and BICO, were arbitrary and capricious in failing to reasonably controvert Mr. McCarroll’s claims for benefits, and these defendants were found liable in solido to claimant for penalties and attorneys’ fees.
ICSP appealed from this judgment on the basis of several assignments of error. BICO also appealed the award of penalties and attorneys’ fees against it. Although claimant contends in his brief that ICSP and BICO should have been held solidarily liable for the entire judgment and that claimant is entitled to additional attorneys’ fees, the record indicates no appeal was taken from the judgment by claimant, and these issues will not be considered herein.

\ .DISCUSSION

Appellant ICSP first argues that the workers’ compensation judge erred in finding the date of the accident to be March 21, 1996. ICSP contends that the record indicates that claimant only became unable to work following the April 3, 1997 incident, and therefore this is the accident that caused claimant’s injury. In its reasons for judgment, the lower court stated as follows:
Mr. McCarroll was never symptom free after the March 26, 1996 injury. He sold his apartment complex on July 31,1996 due to the inability to physically do the repairs because of the injury of March 21, 1996. Then in April of 1997, claimant experienced a worsening of *831 symptoms to the same area of the body that he had injured in March of 1996. The medicals support that this was an ongoing problem due to the March 26, 1996 injury.
For the foregoing, this OWC Court finds the incident on April 8, 1997 was merely a worsening of pain due to the prior injury on March 21,1996. ICSP is the worker’s compensation insurer that is hable as between BICO and ICSP. It is a weh-settled principle that the provisions of the worker’s compensation scheme should be liberally interpreted in favor of the worker. Bynum v. Capital City Press, Inc., 95-1395 (La.7/2/96), 676 So.2d 582, 586 (La.1996).
The standard of review for findings of fact by a hearing officer in a worker’s compensation case is “manifest error,” and it is the appellate court’s duty to determine not whether the fact finder’s conclusion was right or wrong, but whether it was reasonable. Where there are two permissible views of evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly Lwrong. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161, 1164.
In the present case, we find no manifest error in the trial court’s factual determination that the compensable injury occurred on March 21,1996. Claimant testified that he experienced severe pain while lifting a wheelchair on this date, and he informed his employer and sought medical treatment for this incident. He was diagnosed with a left groin injury, and although he continued to work, he stated that he wore a brace and usually worked in pain. Claimant was not symptom free prior to the second injury, nor did he suffer from new symptoms as a result of the later incident. Further, claimant testified that he sold a revenue producing building after the March accident because he was no longer able to complete repairs. Based on the facts presented here, we conclude that the record supports the lower court’s finding that the April 3, 1997 incident was an aggravation or worsening of the original injury which occurred on March 21, 1996.
Appellant next contends that the workers’ compensation judge erred in finding claimant was entitled to supplemental earnings benefits from April 1997.
Under the provisions of LSA-R.S. 23:1221(3)(a), an employee is entitled to receive Supplemental Earnings Benefits (SEBs) if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737-738.
Once the employee’s burden is met, the burden shifts to the employer who, in order to defeat the employee’s claim for SEBs or establish the employee’s | fiearning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region. The amount of an award of SEBs is based upon the difference between the claimant’s pre-injury average monthly wage and the claimant’s proven post-injury monthly earning capacity. See, Seal v. Gaylord Container Corp., 97-0688 (La.12/02/97), 704 So.2d 1161, 1164-65. LSA-R.S. 23:1221(3)(a).
In determining whether a lower court finding that an employee has met his initial burden of proving entitlement to SEBs is manifestly erroneous, a reviewing court must examine the record for all evidence that bears upon the employee’s inability to earn 90% or more of his pre-injury wages. Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52, 56 (La.1993).
*832 Appellant contends that claimant failed to meet his burden of proving entitlement to supplemental earnings benefits. Appellant asserts that claimant’s pre-injury wages were $5.50 per hour with minimal commissions. Appellant further asserts that following his injury claimant was offered a light duty job in the guard shack at the airport with a rate of pay of $5.50 per hour, but claimant refused this position. Further, appellant relies on trial testimony from Crystal Younger, a vocational rehabilitation consultant, who stated that claimant had numerous transferrable skills, and that the medical records indicated claimant could return to work in a light duty job.
However, as noted by the workers’ compensation judge, claimant’s pre-injury wages were substantially greater than asserted by defendant. The judge examined the salary reports which were introduced by defendant at trial, and |7concluded that claimant’s average weekly wage in the four-week period prior to the March 1996 injury, including commissions but without tips, was $284.64 per week based on an hourly rate of $9.49 for 30.025 hours per week. We have reviewed the evidence and testimony in the record, and fail to find this factual determination to be manifestly erroneous.
We next turn to the issue of whether defendant’s offers of employment and the jobs in the labor market surveys conducted by Ms. Younger constitute appropriate light duty employment sufficient to defeat claimant’s request for benefits.
First, we note, as did the workers’ compensation judge, that defendant did not admit the true pre-injury wage rate of claimant. Defendant continued to assert that the pre-injury rate was $5.50 per hour, when the employment records showed that the wage, including commissions and bonuses, was substantially higher. Thus, even if he had accepted the guard shack position at the rate of $5.50 per hour, claimant would have been entitled to SEBs for the difference between the two wages.
However, claimant testified he did not accept the guard shack position because of a learning disability he had which prevented him from adequately performing the duties of the job. Although defendant’s expert Ms. Younger testified that claimant could have performed this job, the trial court accepted claimant’s testimony and rejected the testimony presented by defendant. We have reviewed the pertinent testimony in the record concerning the offer of the guard shack position, and we find no manifest error in the trial court’s determinations.
The workers’ compensation judge also rejected the expert testimony on claimant’s ability to obtain a job as indicated by the vocational rehabilitation |scounselor. The judge found that the “vocational rehabilitation performed did not fulfill defendants’ obligations under the Act, nor was it done with any serious intent of helping claimant get a job.” The workers’ compensation judge apparently determined that the job market survey was performed for a normally skilled employee, and that defendant failed to consider Mr. McCar-roll’s disability or his mental limitations. The court stated in its reasons for judgment:
Furthermore, it is the opinion of OWC Court that this particular claimant was a person who would surely be hired [by] employers offering part-time duties within his physical and mental abilities. Furthermore, this claimant would strive to perform all duties to the very best of his abilities on the job. However, it is equally obvious that this claimant needed the help of a vocational rehabilitation counselor to help him find those jobs and guidance in applying. This was not done here and it should have been done.
We find no manifest error in the workers’ compensation judge’s factual determinations. We find that the generalized testimony of Ms. Younger fails to meet defendant’s standard of proof in defeating this employee’s claim for SEBs. See, *833 Banks v. Industrial Roofing & Sheet Metal Works, 96-2840 (La.7/1/97), 696 So.2d 551. The medical evidence supports Mr. McCarroll’s claim of partial disability, and the evidence in the record in insufficient to show that claimant could have earned pre-injury wages. Accordingly, we find that the workers’ compensation judge correctly concluded that claimant was entitled to an award of SEBs from April of 1997 in the amount specified in the lower court’s judgment.
Appellant next contends that the workers’ compensation judge erred in determining that claimant was entitled to an award for future surgery, when such surgery is not supported by the medical evidence. However, we find ample evidence in the record to support the lower court’s determination. Dr. Douglas P. 19Slakey of Tulane Medical Center stated in his report that additional surgery may help Mr. McCarroll, but the area would first have to be explored operatively. Claimant’s treating physician, Dr. Cheng, stated in his report that it would not be unreasonable to explore the left groin area. Although defendant contends that claimant failed to prove that this additional surgery was necessary, we find no merit in this argument. The medical evidence indicates that additional surgery may help the claimant, and a determination of whether such surgery is necessary will be made once the area is explored operatively. We find no error in the trial court’s award of the cost of additional surgery if needed, which will be paid directly to the health care provider.
Finally, both ICSP and BICO contend that the award of penalties and attorneys’ fees was erroneous.
LSA-R.S. 23:1201(F) provides the basis for an award of attorneys’ fees and penalties. This provision, however, is inapplicable if the claim is reasonably controverted by defendant. Appellants contend that the employer had a reasonable basis to question the cause and extent of the injury herein. Further, appellants argue that because the employer offered claimant the guard shack position, the insurers were reasonable in their refusal to pay supplemental benefits.
The workers’ compensation judge found that defendants did reasonably controvert the issue of whether the guard shack position was an appropriate offer of light duty employment, and thus their conduct was not deemed to be arbitrary and capricious on this basis. However, the judge found that defendants had failed to reasonably controvert claimant’s claim for SEBs. The court stated in its reasons for judgment:
| inHowever, no additional offer of SEB was ever made over and above the $5.50 per hour to be paid by the “guard shack” position. Defendants failed to reasonably controvert that claimant’s average hourly rate of pay was between $9.00 — $11.00. In fact, defendants’ own exhibits proved that claimant made far in excess of $5.50 per hour.
Additionally, defendants performed no labor market surveys until well after the 1008 had been filed.
Even so, the jobs listed in the labor market survey did not reasonably controvert the SEB issue as the jobs were full-time instead of part-time. The hourly rate of those jobs would not have still put claimant in a position of earning at 90% of his pre-injury wage. Therefore, defendants still owed SEB but failed to make any offer or tender.
Likewise, no medical bills were paid and they were not reasonably controverted by any defendant.
For the foregoing reasons, both insurer defendants were arbitrary and capricious and are liable in solido to claimant for penalties and attorney fees.
We have carefully reviewed the entire record in this matter and fail to find the lower court’s award of penalties and attorneys’ fees against ICSP to be manifestly erroneous. The record indicates that the employer and its insurer ICSP became aware of the cause and extent of claimant’s *834 disability and limitations after the initial claim was filed, yet they failed to made a reasonable effort to assess his medical condition before they denied benefits. ICSP refused to pay Mr. McCarroll’s medical bills which occurred after the April 3, 1997 incident although he consistently stated that that incident merely worsened his symptoms from the previous accident on March 21, 1996. Although Airport Shuttle offered claimant a job in the guard shack, their efforts at vocational rehabilitation were inadequate. Under these circumstances, we find the lower court’s conclusions that ICSP’ conduct was arbitrary and capricious was not manifestly erroneous.
|n However, with regard to the award of penalties and attorneys’ fees against BICO, we fail to find any support in the record for this award. The record indicates that the initial claim for benefits was made by the claimant prior to the effective dates of BICO’s policy. Further, the record supports BICO’s position that the incident on April 8, 1997 merely worsened claimant’s symptoms. In addition, there is nothing in the record which indicates that BICO learned of this claim prior to ICSP’s third party demand which was filed in September of 1997. Mr. McCarroll filed a workers’ compensation claim listing the injury of April 3,1997 only after BICO had been brought into the original suit. Finally, after a full trial on the merits, BICO was ultimately released from liability for benefits.
We find that the record fails to indicate that the accident on April 3, 1997 was a separate injury. Under the facts presented here, we conclude that BICO reasonably controverted Mr. McCarroll’s claim, and BICO’s conduct cannot be deemed to be arbitrary and capricious. Accordingly, the workers’ compensation judge was manifestly erroneous in rendering judgment against BICO.

CONCLUSION

Accordingly, for the reasons assigned herein, the judgment of the workers’ compensation court rendered in favor of Jim McCarroll and against the Insurance Company of Pennsylvania is affirmed. However, that portion of the judgment which holds the Business Insurance Company solidarily liable for penalties and attorneys’ fees is reversed. Finally, nothing in this opinion shall be construed to affect the intervention filed by claimant’s trial counsel, Christopher Schwartz. ICSP is to bear all costs of this appeal.

UAFFIRMED IN PART; REVERSED IN PART.