773 So.2d 694 (2000)
Jim M. McCARROLL
v.
AIRPORT SHUTTLE, INC.
No. 00-CC-1123.
Supreme Court of Louisiana.
November 28, 2000.
*696 Daniel Joseph Dazet, New Orleans, Robert Alan Lenter, Metairie, Counsel for Applicant.
Jim McCarroll, in pro. per.
Raymond Stanley Maher, Jr., New Orleans, William Clay Cruse, Metairie, Foster P. Nash, III, New Orleans, Counsel for Respondent.
LEMMON, Justice
In this workers' compensation action, the judgment rendered after the trial on the merits awarded plaintiff supplemental earnings benefits and medical expenses, as well as penalties and attorney fees under La.Rev.Stat. 23:1201F based on the employer's insurer's failure to pay benefits timely. The case is now before this court on a dispute between the employee and his attorney in respect to the attorney fees awarded under Section 1201F. The issue is whether the attorney is entitled to both the fees awarded under Section 1201F and the fees that the employee had agreed to pay the attorney for services under the contingency fee contract.

Facts
Plaintiff-employee was injured by accident in the course of and arising out of his employment with defendant-employer in March 1996, and was re-injured in April 1997. Because the employer changed insurers in the interval between the two accidents, the employee filed two separate claims for workers' compensation benefits, and the claims were consolidated for trial.
After a multi-day trial, the workers' compensation judge found that the employee sustained a work-related accident in March 1996, which was merely worsened by the second incident. The judge awarded supplemental earning benefits and related medical expenses. Additionally finding that both insurers had acted arbitrarily and capriciously[1] and had failed to reasonably controvert the employee's claims, the judge awarded penalties of $2,000 based on unpaid benefits and $2,000 based on unpaid medical expenses, as well as attorney fees of $15,000, against both insurers in solido. The insurers thereafter appealed.
While the appeal was pending, a dispute arose between the employee and his attorney over entitlement to the attorney fees. The attorney then withdrew from representation and intervened in this proceeding.
The intermediate court affirmed the judgment against the first insurer, but reversed as to the second insurer. 99-0511 (La.App. 4th Cir.9/29/99), 743 So.2d 827. Significantly, the court of appeal noted that "nothing in this opinion shall be construed to affect the intervention filed by claimant's trial counsel." 99-0511 at p. 11, 743 So.2d at 834.
After the judgment on the merits became final, the attorney filed a motion to recover attorney fees. The attorney asserted that the employee had executed a contingency fee contract that provided for the statutory maximum attorney fees of *697 twenty percent of the first $20,000 and ten percent of any amounts in excess of $20,000.[2] The attorney further alleged that the employee had been paid supplemental earnings benefits in the amount of $29,230 and that the attorney was entitled to a contractual contingency fee of $4,923 (calculated at twenty percent of $20,000 plus ten percent of $9,230), in addition to the $15,000 awarded under La.Rev.Stat. 23:1201F.
After a hearing, the workers' compensation judge denied the attorney's motion, reasoning:
The judgment [on the merits of the employee's claim against the employer's insurer] is now final.
. . .
[The attorney] seeks approval of the statutory fee of $4,900.00, which is over and above the $15,000.00 awarded.
It is ordered that the request for Statutory fee of $4,900.00 is DENIED. Plaintiff's attorney was awarded $15,000.00 attorney fees due to defendant's failure to pay under the Workers' Compensation Act. Mover is not entitled to any additional attorney fees.
In effect, the workers' compensation judge ruled that the employee's attorney was not entitled to receive both the contractual contingency fee (which the judge improperly characterized as a statutory fee) and the attorney fee awarded under Section 1201F based on the insurers' failure to timely pay benefits.
The court of appeal denied the attorney's application for supervisory writs, stating "[w]e find no abuse of discretion in the trial court's denying the intervenor's Motion for Attorneys Fees." One judge concurred, adding:
Relator ... represented Mr. McCarroll at trial. Due to [relator's] efforts, Mr. McCarroll was awarded benefits, medicals, penalties and $15,000 in attorney's fees. The attorney's fees were to be paid by Mr. McCarroll's employer as an additional penalty for its failure to pay benefits and medicals timely. La. Rev.Stat. 23:1201 E and F.
Because Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 1108[108] and its progeny establish that an attorney is not entitled to collect a statutory fee from a claimant in addition to attorney's fees that have been awarded in conjunction with penalties, to be paid directly by the employer, I agree that the writ should be denied.
We granted the attorney's application for certiorari. 00-1123 (La.6/14/00), 763 So.2d 611.

Attorney Fees in General
There are two types of attorney fees involved in the present case. The first type is the contractual contingency fee. This fee is not a statutory feeit is not authorized by statute (it is authorized by contract between the employee and the attorney), but it is limited by statute (La. Rev.Stat. 23:1141, quoted in footnote 2).[3] *698 Moreover, the contractual fee is not assessed against the employer or the employer's insurer, but is contractually payable by the employee to the attorney out of the employee's recovery of benefits that is attributable to the litigation handled by the attorney. Finally, the contractual fee, as a contingency fee, is payable in every case of successful litigation over unpaid benefits, irrespective of the employer's or insurer's failure to reasonably controvert the claim that benefits are due to the employee.
On the other hand, attorney fees (as well as penalties) awarded for failing to reasonably controvert the claim are statutory fees assessed against the employer or the insurer (or both).[4] Finally, statutory fees are not payable in every case of successful litigation, but rather are payable only where the employer or insurer fails to pay benefits timely and fails, at trial, to show a reasonable controversy over the claim (or to show that nonpayment is the result of conditions over which the employer or insurer had no control).

Attorney Fees in the Present Case
The Legislature intended both the penalties and the attorney fees authorized by La.Rev.Stat. 23:1201F as a means of deterring arbitrary conduct by the employer or the employer's insurer. When the workers' compensation judge awards statutory attorney fees, the question arises whether the attorney is entitled to these fees in addition to the contractual fees. The determination of whether the attorney is entitled to all or part of the statutory fee, in addition to the contractual fee, depends upon the legislative intent behind the penalties and attorney fees allowed under the conditions outlined in Section 1201F.
There are two reasonable views of the legislative intent of Section 1201F. Under the view favorable to the attorney, the contractual compensation for the legal services (which is the sole compensation in most cases) is at a very low rate for a contingency fee. The Legislature purposefully limited the rate of contractual contingency fees in workers' compensation cases because the injured employee receives at most only two-thirds of his or her wages lost on account of the compensable injury.[5] Because the attorney can only recover a contractual fee based on a relatively low rate for contingency contracts, the legislative authorization in Section 1201F of an award of "reasonable attorney fees" in some cases may be viewed as an incentive for lawyers to accept more workers' compensation cases because of the possibility of greater attorney fees in some cases when the employer or insurer has refused to pay benefits.
On the other hand, an injured employee relegated to workers' compensation under the exclusive remedy provision of the Act *699 not only recovers less than the full amount of wages he would have earned but for the occupational injury, but that reduced recovery is further reduced by the fact that the employee generally must hire an attorney when the employer and the insurer refuse to pay benefits. Because the contractual fee is not assessed against the recalcitrant employer or insurer, but is taken directly from the employee's recovery of his or her partial wage loss, the statutory fee could be viewed as intended to relieve the employee from having to pay attorney fees out of his or her own recovery and to transfer the burden of paying all or part of the contractual fee to the recalcitrant employer or insurer. Under this view, the employee would be entitled to retain, out of any award of statutory attorney fees, all or part of the amount the employee would otherwise be required to pay to his or her attorney as a contractual fee.
This court discussed the issue in dicta in Cain v. Employers Cas. Co., 236 La. 1085, 110 So.2d 108 (1959). The issue before the court in Cain was whether the amount of the statutory attorney fees assessable against the employer's insurer under La. Rev.Stat. 22:658 was restricted by the limitation on contractual attorney fees. This court held that the restriction on contractual fees is not applicable and that the statutory fees are limited only by the requirement that the fees must be reasonable. Pointing out that the limitation on contractual attorney fees is to protect the employee who generally must pay the fee out of the award of moderate benefits, this court reasoned that the purpose behind the monetary limitation disappears, and thus should be ignored, when the fee is an assessment payable by the employer's insurer.
Despite the limited legal issue before this court in Cain, the decision ventured an opinion on an issue not before the court,[6] stating:
"[T]he fee is fixed and determined upon the basis of the attorney's skill and the amount of work performed by him in the prosecution and collection of the total claim. Therefore, inasmuch as the fee is so predicated, its fixing and determination is in lieu of any fee as may have been contracted [between the parties within the statutory limitation]. The intent of the penalty provisions of the Insurance Code is primarily designed to benefit an unjustly treated employee, who would benefit by having his attorneys' fees paid from penalties assessed against the insurance carrier instead of out of his compensation award." (emphasis added).
110 So.2d at 111.
This court again addressed the issue with unnecessary language in Lucas v. Insurance Co. of North America, 342 So.2d 591 (La.1977). In Lucas, the primary issue presented was medical causation of the claimant's physical disability. After holding that medical causation was established and finding arbitrariness on the insurer's part in failing to pay compensation, the conclusion of the opinion stated that:
Under the statute [La.Rev.Stat. 22:658], the plaintiff is entitled to a 12% penalty on that portion of the compensation deposit more than sixty days in arrears and a reasonable attorney's fee for this litigation. In our opinion, an attorney's fee of $1,500.00 is reasonable for recovery of such compensation benefits. (The plaintiff's counsel is of course also entitled to recover attorney's fees provided by his contract and as governed by statute for recovery of the additional benefits herein awarded.) (emphasis added).
342 So.2d at 598-99.
The Lucas opinion did not mention the Cain decision. Moreover, there was no contest in Cain or in Lucas between the employee and his attorney over distribution of the two types of attorney fees. *700 Additionally, both Cain (a 1959 case) and Lucas (a 1977 case) involved the application of La.Rev.Stat. 22:658, which was part of the Insurance Code and provided penalties and attorney fees for arbitrary conduct, assessable against the insurer only. Neither Cain nor Lucas was decided under the present statutory scheme, which has undergone revisions beginning in 1983 and through the 1995 amendment that rewrote former Section 1201E and redesignated it as Section 1201F.[7]
The question of the distribution of the attorney fees under Section 1201F is squarely before the court in the present litigation between the employee and his attorney.[8]
In our determination of the respective rights of the employee and the attorney to the statutory attorney fees, a persuasive factor is the methodology used to calculate the amount of the statutory attorney fees. The only limitation on the amount is the reasonableness of the fee awarded by the judge. Cain, supra. The amount awarded rests within the discretion of the workers' compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case.[9] H. Alston Johnson, III, supra § 389. The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation. If the attorney were allowed to collect the contractual attorney fees in addition to the full compensation awarded in the statutory attorney fees, the attorney would get double recovery (to the extent of the limited contractual fee) for his services, at the expense of his client.
We therefore conclude that the statutory attorney fees, awarded to the employee in cases of arbitrary behavior of the employer or the insurer, were intended to benefit the employee, who would otherwise have to pay the contractual attorney fees out of his or her benefits recovered in the litigation, and were not intended to provide additional fees to the employee's attorney, who received the amount of the statutory attorney fees as full compensation for legal services in the litigation.
In the present case, the workers' compensation judge awarded $15,000 in statutory attorney fees under Section 1201F as a reasonable fee for the services rendered, and that judgment is now final. (Accordingly, *701 the amount of the award is not before this court.) The employee is entitled to retain $4,923[10] out of the insurer's payment of the statutory attorney fees, and the attorney is entitled to recover from the employee the remaining $11,077 of the insurer's payment of the statutory attorney fees, as well as the contractual attorney fees of $4,923 (or a total of $15,000).[11] The workers' compensation judge correctly denied the attorney recovery from the employee of both the $15,000 statutory fee and the $4,923 contractual fee (a total of $19,923) for legal services valued by the judge at $15,000.

Decree
The judgment of the workers' compensation judge denying the attorney's motion for additional attorney fees is affirmed.
KNOLL, J., dissents and assigns reasons.
VICTORY, J., concurs in the result.
KNOLL, J., dissenting.
Contrary to the majority's determination, I find that the attorney's fee awarded under LA.REV.STAT. ANN. § 23:1201(F) complements the very low contingency fee rate dictated by LA.REV.STAT. ANN. § 23:1141, and is not subject to reduction by the amount of contractual attorney's fees. To rule otherwise diminishes the role of the attorney in worker's compensation proceedings when an employer and/or insurer are being arbitrary and capricious, and makes short shrift of the integral part that attorneys play in securing just compensation from recalcitrant employers. See Lucas v. Ins. Co. of North America, 342 So.2d 591, 598-99 (La.1977).
From the outset, I note that the contingency fee contract entered into between the parties referenced only the contractual fee without any mention of statutory attorney fees that may be awardable. The contingency fee contract is based only on the compensation awarded. As noted in the majority opinion, this contractual fee, tracking LA.REV.STAT. ANN. § 23:1141, marks the maximum amount payable. McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), at 697. Such constraints fit neatly into the scheme of this social legislation and its goal to provide for the injured worker. However, I note that if the attorney is paid the contractual fee from the client portion of the obligation and the statutory fee owed by the employer/insurer, the client is no worse off because he receives no less compensation than he would have had the insurer/employer not been found liable for not reasonably controverting the worker's claim. Moreover, because of the diligence of his attorney, the claimant receives penalties and sums which had heretofore been denied him. LA. REV. STATS. ANN. §§ 23:1201, 1201.2. It is only if the claim is not reasonably controverted by the employer or insurer (or both) that one or both of these entities may be assessed with an attorney's fee; however, unlike the contractual fee, this statutorily created attorney fee must be reasonable and is not tempered by the restraints of LA.REV.STAT. ANN. § 23:1141. McCarroll, at 698, 700. Thus, it is readily apparent that these attorney fees differ drastically in origin and in application.
It is because of this drastic difference that I disagree with the majority's conclusion that the attorney receives double recovery *702 (to the extent of the contractual fee) if the attorney is allowed to collect the contractual attorney fee and the award of the statutory attorney fee. It is well accepted that an obligation (in this case, the payment of attorney fees) may arise from different acts and sources. In the present case, McCarroll's obligation to pay attorney fees to the Worker's Compensation Legal Clinic of Louisiana arises from their contract. On the other hand, the obligation of Airport Shuttle, Inc. ("Airport Shuttle") to pay attorney fees is in the nature of a statutorily created penalty that arises from the finding of the Office of Workers' Compensation that Airport Shuttle did not reasonably controvert McCarroll's entitlement to workers' compensation benefits. Accordingly, the fixing of attorney's fees primarily focuses on factors peculiar to the attorney, namely: the degree of skill and ability the attorney exercised, the amount of the claim, the amount that the attorney recovered for the employee, and the amount of time the attorney devoted to the case. See H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE: WORKERS' COMPENSATION LAW AND PRACTICE § 389.
It is illogical to find, as does the majority, that a portion of the attorney fee obligation is extinguished because both McCarroll and Airport Shuttle are obligated to pay attorney fees. The majority notes "that the statutory fees were intended to benefit the employee ... and were not intended to provide additional fees to the employee's attorney." I disagree with this interpretation. The policy behind the award of attorney's fees was to discourage arbitrary and capricious conduct by an employer or insurer. If a worker's compensation case reaches this level, the case is unpleasant, and more often than not, aggressively prosecuted and defended by both sides. The work of the claimant's attorney at this stage is vital, hard, and important. The attorney's fee award, if made, is well deserved. The majority's interpretation takes this emphasis away, and the extra "pat on the back" the claimant's attorney earns in the form of an award of attorney's fees is diminished. The intended "benefit the employee" the majority relies upon for its interpretation is found in the penalties granted the claimant tied to the unpaid compensation and unpaid medical expenses, rather than the award of attorney's fees. See LA. REV. STATS. ANN. §§ 23:1201, 1201.2. In the present case, the worker received bothpenalties of $2,000 for unpaid benefits and $2,000 for unpaid medical expenses. The employee still owes his or her lawyer attorney's fees for the compensation restored and the insurer/employer owes attorney's fees for their recalcitrant conduct. In essence, the majority is rewriting the contingency fee contract between the claimant and his attorney, and making provisions not called for in the statute. If the award of attorney's fees under LA.REV. STAT. ANN. § 23:1201(F) was to relieve a claimant of his contingency fee contract with his lawyer, the Legislature would have provided for this. It has not and the majority should not.
For these reasons, I respectfully dissent.
NOTES
[1] The proper standard for an award of penalties and attorney fees under La.Rev.Stat. 23:1201F is whether the claim that was not timely paid was "reasonably controverted" by the employer or the insurer.
[2] The statutory maximum rate of attorney fees is provided in La.Rev.Stat. 23:1141, as follows:

A. Claims of attorneys for legal services arising under this Chapter shall not be enforced unless reviewed and approved by a workers' compensation judge. If so approved, such claims shall have a privilege upon the compensation payable and awarded, but shall be paid therefrom only in the manner fixed by the workers' compensation judge. No privilege shall exist or be approved by a workers' compensation judge on injury benefits as provided in R.S. 23:1221(4)(s).
B. In no case shall the fees of an attorney who renders service for an employee coming under this Chapter exceed twenty percent of the first twenty thousand dollars and ten percent of the part of any award in excess of twenty thousand dollars.
[3] As to the contractual fee, Professor H. Alston Johnson, III states:

The limitation on the fees of an attorney is just thata maximum amount payable. It is not a minimum which must necessarily be awarded, and the attorney does not have a right to that amount. The fee is at the discretion of the hearing officer, who of course must recognize the right of an attorney to a reasonable fee for work done.
14 H. Alston Johnson, III, Louisiana Civil Law Treatise: Workers' Compensation Law and Practice § 386 (3rd ed.1994).
[4] This type of attorney fees is authorized by statute and thus will be referred to in this opinion as statutory fees, as contrasted to contractual fees. The pertinent statute, La. Rev.Stat. 23:1201F, provides in pertinent part:

F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim....
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control. (emphasis added).
[5] Of course, this reduced amount of wage loss recovery is part of the legislative trade-off underlying the Louisiana workers' compensation scheme that was first adopted in 1914.
[6] That issue discussed in dicta is the very issue before this court in the present case, although there was a different penalty statute at the time Cain was decided.
[7] This court in two recent cases traced the statutory and jurisprudential history of awards of penalties and attorney fees, and analyzed the present provisions covering two separate situations. When the employer or insurer fail to commence payment of benefits timely, La.Rev.Stat. 23:1201 applies. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. When the employer or insurer discontinues benefits that had been commenced timely, La.Rev.Stat. 23:1201.2 applies, but provides for attorney fees only. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41.
[8] The statutory attorney fees under Section 1201F generally are payable to the employee since Subsection F(3) mandates that penalty and attorney fees awarded "pursuant to this Section shall be paid directly to the employee." While Section 1201F contains an exception that authorizes the payment of statutory attorney fees directly to a third party (one other than the employee), namely a health care provider, neither La.Rev.Stat. 23:1201F nor any other statute authorizes the payment of statutory attorney fees directly to the employee's attorney.

The judgment in the present case therefore correctly made the weekly benefits, medical expenses, statutory penalties and statutory attorney fees payable to the employee. However, the fact that the total award (including attorney fees) is payable by the employer or insurer to the employee does not settle the issue of whether the attorney is entitled to recover from the employee all or part of the statutory attorney fees that are payable to the employee.
[9] See also Rules of Prof'l Conduct R. 1.5, which limit an attorney to recovering a reasonable fee and sets forth factors to determine the reasonableness of the fee.
[10] The attorney admitted receipt of $15,000, and the disputed amount of $4,923 has been deposited into the registry of court. We further note that a supplemental judgment modified the figure on which the fees of $4,923 were calculated.
[11] The same reasoning would apply if the award of statutory attorney fees is lower than the contractual attorney fees. As stated in 1 Dennis P. Juge, Worker's Compensation § 5-8 (2d ed.2000):

The fee awarded by the court is due to the plaintiff's attorney of record but the award is credited against any fees that might be due to the attorney from the compensation awarded to the employee. Thus, if the attorney would be due a fee of $10,000 from the claimant's award of compensation benefits and the court also awarded the attorney $5,000 in fees as a penalty, the employee would only owe the attorney $5,000 from his award. (footnote omitted).