809 So.2d 1222 (2002)
Felton DUHON
v.
TREND SERVICES, INC.
No. 01-1194.
Court of Appeal of Louisiana, Third Circuit.
March 6, 2002.
*1223 Michael B. Miller, Attorney at Law, Crowley, LA, for Appellant: Felton Duhon.
Sammy M. Henry, Johnson Stiltner & Rahman, Baton Rouge, LA, for Appellees Trend Services, Inc. and Louisiana Worker's Compensation Corp.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and MICHAEL G. SULLIVAN.
COOKS, Judge.
The plaintiff, Felton Duhon, appeals a final judgment of the administrative law judge ("the ALJ") in favor of Trend Services, Inc., the employer, and Louisiana Worker's Compensation Corporation, the insurer (collectively "the appellees"). The ALJ concluded Duhon was not entitled to reinstatement of disability benefits beyond September 14, 1999, the time Duhon's benefits were terminated. For the following reasons, we affirm the decision as amended below.

FACTUAL AND PROCEDURAL BACKGROUND
At trial the issues presented were the insurer's liability for penalties and attorney's fees resulting from its untimely payment of disability and medical benefits, and the insurer's liability for disability benefits beyond September 14, 1999. The ALJ fixed an attorney's fee it held Duhon was owed, but found no disability benefits were owed beyond June 10, 1999.
On November 13, 1997, Duhon, in the course and scope of his employment with Trend Services, drove a work truck into a parked vehicle. He sustained injuries to his back and left ankle. Duhon received treatment at the Jennings American Legion Hospital from Doctor Dale Bernauer, an orthopedic specialist. Bernauer's November 20, 1997 report noted Duhon's *1224 complaints of pain at the thoracic spine and left shoulder. Bernauer concluded Duhon suffered from first degree ACV separation and thoracic strain and prescribed physical therapy. His progress reports reflect Duhon initially responded well to therapy and eventually Duhon's thoracic symptoms resolved. However, Duhon's upper trapezius and lower back complaints persisted. On February 26, 1998, a lumbar MRI was obtained and showed Duhon had degeneration at L4-5 and L5-S1. On March 9, 1998, Duhon began treatment with Doctor Michael Holland. Holland testified he found Duhon was stiff, but determined the MRI was within normal limits. He concluded Duhon had a back strain and recommended a functional capacity evaluation.
In July and August of 1998, Holland concluded Duhon was unable to work as a truck driver, but determined he was able to perform light duty work with restrictions. Holland also testified he continued to rely on Duhon's subjective complaints, even though he found nothing anatomic to explain the complaints after October 12, 1998. Still unable to identify any possible anatomical explanation for Duhon's complaints, Holland released Duhon to full duty after his June 10, 1999 office visit.
While seeking clarification that Holland's release was without restriction, the insurer continued paying Duhon indemnity benefits, but terminated the benefits on September 14, 1999, after it became clear Holland's release of Duhon was to full duty.
Duhon filed a disputed claim for compensation on July 6, 1999, alleging his employer failed to properly pay worker's compensation benefits. Duhon requested penalties and attorney's fees. In response, the employer denied Duhon was performing services in the scope of his employment. Instead it contended Duhon was engaged in horseplay at the time of his injury; and therefore, his injury was not covered by the Workers' Compensation Act.
The matter proceeded to trial. On the morning of the trial, the employer stipulated Duhon was entitled to a $2,000.00 penalty for untimely payment of weekly benefits, and a $2,000.00 penalty for untimely payment of medical benefits. The employer additionally stipulated to a $250.00 penalty for failing to provide a medical report as required under La.R.S. 23:1125. The remaining issue for trial was Duhon's alleged continued disability after September 14, 1999.
The ALJ found Duhon failed to prove by a preponderance of the evidence that he was unable to earn ninety percent or more of his average pre-injury wage as a result of his injury with Trend Services beyond the September date. Inasmuch as Duhon's treating physician released him to full duty after thorough testing and therapy, the ALJ concluded the only evidence supporting Duhon's entitlement to benefits was his own testimony and the fact that he had not earned ninety percent or more of his pre-injury wage since his release.
The ALJ denied Duhon's claim for continued benefits, but did award penalties in accordance with the parties' stipulations. The ALJ awarded a $2,000.00 penalty for untimely payment of weekly benefits, and a $2,000.00 penalty for untimely payment of medical benefits. She also awarded an additional $250.00 penalty for the insurer failing to provide a medical report as required under La.Rev.Stat. 23:1125. The ALJ additionally awarded $3,625.00 for attorney's fees representing 50% of the time *1225 the attorney spent on the file at $125.00 per hour. An additional $500.00 was awarded for attorney's fees stemming from the insurer's violation under La.Rev. Stat. 23:1125. Duhon was given a proportional credit of 50% against the attorney's fees. This appeal by Duhon ensued.

DISCUSSION

Standard of Review
Appellate courts review an administrative law judge's decisions to determine if the conclusions are reasonable. Stobart v. State, through DOTD, 92-1328 (La.3/12/93); 617 So.2d 880. Louisiana jurisprudence has a strong presumption that appellate courts may not set aside an administrative law judge's findings of fact in the absence of manifest or clear error. Rosell v. ESCO, 549 So.2d 840 (La.1989.). Whether the employee should be awarded penalties and attorney's fees is essentially a question of fact and shall remain undisturbed absent manifest error. Spinks v. James Hutchins Farms, 98-811 (La.App. 3 Cir.); 736 So.2d 226, writ denied, 99-0630 (La.4/23/99); 742 So.2d 888.
Where a workers compensation judge commits a legal error by applying an incorrect legal standard or principle in determining whether to impose penalties and attorney's fees, Louisiana appellate courts are required to determine the facts de novo from the record and render a decision on the merits. Washington v. Lyons Specialty Co., 96-0263 (La.App. 1 Cir.); 683 So.2d 367, writ denied, 96-2944 (La.1/31/97); 687 So.2d 408.

Attorney's Fees
Duhon contends the ALJ's award for attorney's fees is inconsistent with the Supreme Court's decision in McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694. We disagree. Attorney's fees and penalties for failing to reasonably controvert a worker's compensation claim are statutory fees assessed against the employer or the insurer or both. Statutory attorney's fees are payable only where the employer or insurer fails to pay worker's compensation benefits timely and fails, at trial, to reasonably controvert the employee's claim. Id. As to the amount awardable, the court in McCarroll stated,
In our determination of the respective rights of the employee and the attorney to the statutory attorney fees ... [t]he only limitation on the amount is the reasonableness of the fee awarded by the judge. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case. (Emphasis added).
Id. at 700.
Duhon contends his counsel spent 58 hours prosecuting his client's claim and that the contractual hourly rate his attorney charges in cases not subject to government regulation is $125.00 per hour. He maintains it is obvious the ALJ divided the number of hours his counsel worked on the case in half, and then calculated an attorney's fee. Duhon asserts the ALJ's action, thus, is contrary to the holding in McCarroll in which the court statedan employee is entitled to "full recovery" of attorney's fees when assessed against the employer or its insurer.
According to Duhon's counsel, he was entitled to an award granting him a fee for *1226 all the hours he invested in the case whether he ultimately succeeded in advancing every issue raised.
In rendering the award, the ALJ noted:
The parties stipulated to a $2,000.00 penalty for the untimely payment of indemnity benefits, a $2,000.00 penalty for the untimely payment of medical benefits, and a $250.00 penalty for untimely forwarding a medical report. The fixing of the corresponding attorney fee was submitted to the court. The affidavit of claimant's counsel reflects 58 hours of time through trial an hourly rate of $125. The disputed claim form 1008 was not filed until July 1999, prior to the termination of benefits, and as it appears that the 1008 was originally filed for the untimely or erroneous payments which led to the stipulated penalties. It would therefore appear that although trial was only necessary for the issue of continuing disability, a substantial portion of the attorney time was spent in obtaining payment of the correct wage rate and insuring the proper payment of all benefits. The court awards an attorney fee of $3,625, which is roughly 29 hours, or 50% of the total hours spent on the file, at $125 per hour. An additional award of $500 in attorney fees is awarded for the late providing of a medical report per 23:1125....
It is clear the ALJ did not award an attorney's fee of $7,250.00 and then reduce it by 50%. The ALJ considered the total number of hours Duhon's attorney worked on the file (58 hours) and then determined that one-half the time he spent was invested in pursuing issues covered by La. R.S. 23:1201F which the employer did not reasonably controvert. That statute reads in pertinent part as follows:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim ....
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control. (Emphasis added).
While the statute clearly authorizes the assessment of attorney's fees for "each disputed claim;" such fees are not assessable for claims the employer reasonably controverts. Id.
The ALJ found Trend Services was untimely in payment of Duhon's weekly benefits, was untimely in payment of Duhon's medical benefits, and failed to provide Duhon's medical report, all in accordance with the parties' stipulations. However, she found the employer reasonably controverted Duhon's claim for continued benefits. She apparently found the 58 hours submitted by Duhon's attorney were not all dedicated to advancing the issues the employer stipulated were meritorious and which it did not reasonably controvert. Part of the total hours invested by the attorney was dedicated to pursuing Duhon's continued benefits claim. Duhon was not the prevailing party on this issue. Apparently, the ALJ determined one-half of the total hours invested by the attorney was dedicated to pursuing the stipulated issues which the employer *1227 did not reasonably controvert and one half to pursuing the unsuccessful claim for continued benefits. Since the employer reasonably controverted Duhon's continued benefits claim, he was not entitled to attorney's fees for pursuing it. We cannot say the formula employed by the ALJ for excluding the hours the attorney spent in advancing the unsuccessful issue was unreasonable. Counsel does not argue that he invested more hours than the judge allotted to the stipulated issues. Instead, counsel contended he was entitled to an award based on all the hours he spent. Neither the Supreme Court's holding in McCarroll nor La. R.S. 23:1201F support his contention.

50% Credit
Duhon's second assignment maintains the ALJ committed error when she limited his credit to 50% instead of 100% of the fees awarded. Duhon argues the ALJ was required by the supreme court's ruling in McCarroll to give a full credit against any contractual fee he owed or may owe his attorney. To bolster his claim Duhon appears to point to the following sentence in the McCarroll opinion: "The amount [of attorney's fees] awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation." McCarroll at 700.
After rendering judgment in favor of the injured worker in McCarroll, the ALJ awarded penalties finding the employer's insurers acted arbitrarily and capriciously and failed to reasonably controvert the employee's claim. The employer was assessed $15,000.00 in statutory attorney's fees under section 1201F, in solido with the insurer.
The attorney subsequently brought a claim to recover the contractual contingency fee previously negotiated between he and the employee and the statutory fee awarded by the court. The court rejected the attorney's claim declaring, "[i]f the attorney were allowed to collect the contractual attorney fees in addition to the full compensation awarded in the statutory attorney fees, the attorney would get double recovery ... for his expenses, at the expense of the client." McCarroll at 700. The statutory attorney's fees, declares the court, "were intended to benefit the employee, who would otherwise have to pay contractual attorney fees out of his or her benefits recovered in the litigation...." McCarroll at 700.
Our reading of McCarroll is consistent with Duhon's contention regarding the 50% credit. The supreme court stated,
We therefore conclude that the statutory attorney fees, awarded to the employee in cases of arbitrary behavior of the employer or the insurer, were intended to benefit the employee, who would otherwise have to pay the contractual attorney fees out of his or her benefits recovered in the litigation, and were not intended to provide additional fees to the employee's attorney, who received the amount of the statutory attorney fees as full compensation for legal services in the litigation. (Emphasis added).
McCarroll at 700. We think it is clear from this sentence that in cases where statutory attorney's fees have been awarded an employee, the fees must be fully credited against any contractual fee owed by the employee or which the employee may owe in the future, up to the maximum fees allowed by the act. As to this assignment, we find Duhon's assignment correct and hereby amend the ALJ's judgment accordingly.

*1228 DECREE
For the forgoing reasons, the judgment of the administrative law judge is affirmed, except that portion granting Duhon any 50% credit against contractual fees owed his attorney. The offset shall be 100% of the statutory fees against any contractual fees owed to his attorney. All costs of this proceeding are assessed 50% against the appellant, Felton Duhon, and 50% against the appellee, Trend Services, Inc.
AFFIRMED AS AMENDED.