DOUCET, Chief Judge.
Claimant, Harvey White, Jr., appeals a judgment of an Office of Workers’ Compensation judge, denying his request for multiple penalties under the provisions of La.R.S. 23:1201(F) and seeking an increase in the attorney’s fees awarded. We amend the judgment of the Office of Workers’ Compensation (OWC) judge and affirm as amended.
FACTS
Following an on-the-job injury, suit was filed when a dispute developed between Claimant and his employer’s workers’ compensation insurer as to whether certain medical expenses were incurred as a result of Claimant’s accident. The OWC judge found in favor of Claimant, and awarded one penalty of $2,000.00 for all medical bills and travel expenses which were either paid untimely or which were still outstanding and overdue, plus attorney’s fees of $3,500.00 in connection therewith. The OWC judge also awarded another $2,000.00 penalty and attorney’s fees of $1,5000.00 in connection with the untimely payment of benefits. Claimant appeals seeking separate penalties and attorney’s fees for each of the claims owed to Claimant which were untimely paid.
LAW AND DISCUSSION
In Fontenot v. Reddell Vidrine Water Dist., 00-762, p. 1 (La.App. 3 Cir. 01/09/02); 815 So.2d 895, 896, this court, sitting en banc, reconciled its position concerning multiple penalties under the provisions of La.R.S. 23:1201(F) stating:
We revisit this case en banc on remand from the supreme court to reconcile our ruling in this case with our ruling in Haynes v. Williams Fence & Aluminum, 01-0026 (La.App. 3 Cir. 7/25/01), 805 So.2d 215, regarding the interpretation of the penalty provision of La.R.S. 23:1201(F). In our original opinion, Fontenot v. Reddell Vidrine Water District, 00-762 (La.App. 3 Cir. 2/21/01), 780 So.2d 1197, a divided five-judge panel of this court held that, while an employee may receive a separate penalty for a violation in regard to an indemnity benefits claim and a separate penalty for a violation in regard to a *1146 medical benefits claim, the employee in the case at bar was entitled to receive only one penalty for the insurer’s failure in two respects regarding indemnity benefits, i.e., its miscalculation of indemnity benefits and its improper reduction of those benefits. Subsequently, in Haynes, another panel of this court, faced with the same issue, adopted the dissenting opinion in Fontenot, permitting multiple penalties for multiple violations regarding indemnity and medical benefits claims. Thereafter, in Fontenot v. Reddell Vidrine Water District, 01-0752 (La.10/26/01), 798 So.2d 951, the supreme court vacated our earlier ruling and remanded the case to us to render judgment anew after reconciling our conflicting rulings.
After considering our conflicting rulings, we choose to adhere to our ruling in Haynes, allowing for multiple penalties for multiple violations regarding indemnity and medical benefits claims.
However, not every medical “bill” or request for travel expense constitutes a claim subject to penalties and attorney’s fees:
The dissent in Fontenot is in accord with the second circuit’s decision in Harvey v. B.E. & K. Construction Co., 34,-057, pp. 8-10 (La.App. 2 Cir. 11/15/00); 772 So.2d 949, 954-55, writ denied, 00-3560 (La.3/9/01); 786 So.2d 732, in which the court stated:
In Gay [v. Georgia Pacific Corp., 32,653 (La.App. 2 Cir. 12/22/99); 754 So.2d 1101,] this court decided that the triggering event for penalties and attorney fees is not the injury giving rise to the compensation claim, but instead is the employer’s or insurer’s failure to comply with the procedures set forth in La. R.S. 23:1201. Interpretation of “claim” as a specific demand for particular benefits (such as an operation) rather than as a general demand for benefits under the compensation laws is consistent with the Gay rationale.
We reject Haynes’s contention that separate penalties should have been awarded for each of the medical bills incurred at Cabrini Hospital on the date of the accident and for the February 1, 2000 visit to Dr. Genoff and the related travel expenses. LUBA’s actions regarding the Cabrini bills are essentially a single violation, and its failure to pay the bill for the visit to Dr. Genoff and the related travel expenses is essentially a single violation.
Haynes v. Williams Fence and Aluminum, 01-0026, pp. 25-26 (La.App. 3rd Cir.7/25/01);805 So.2d 215, 231-32.
In keeping with Haynes and Gay, we have examined the exhibits submitted and have attempted to group the untimely and/or unpaid bills into “claims,” i.e., specific demands for particular benefits. Accordingly, we have reached the conclusion that the following items constitute separate claims; and that, except where noted, the claims were more than forty days late and are therefore, subject to penalties of $2,000.00:
1. Treatment at the Natchitoches Parish Hospital Emergency Room on 6/26/00.
2. Claimant’s treatment by Dr. Pathak at Sabine Clinic on 6/29/00; a penalty of $400.00 for payment eight days late.
3. Treatment at Willis-Knighten South Emergency Room on 7/2/00.
4. Ambulance transportation to and treatment at Northgate Hospital, D/B/A Sabine Medical Center on 7/12/00.
5. Hospitalization at Willis-Knighten South on 7/18/00; transfer to and hospitalization at Christus Schumpert Heath *1147 System 7/19/00 through 7/27/00, to include the separate bills for services rendered during that hospitalization by the Delta Pathology Group, Dr. John C. Hardin, Pulmonary Medicine (Dr. Loyd G. Whitley), and Dr. Albert Dean.
6. Hospitalization at Christus Schum-pert Heath System 8/10/00 through 8/18/00, to include the separate bills for services rendered during that hospitalization by the Delta Pathology Group, Schumpert Internal Medicine (Dr. Rajan Khanna), Diagnostic Imaging Associates, S.M.C. Clinics, and Diagnostic Medical Center.
7. Treatment rendered in follow-up visits by Drs. Dean and Khanna; plus follow-up laboratory tests and ultra-sound.
8. Mileage expenses for the period September 8-25, 2000.
9. Mileage expenses for the period October 25, 2000 through March 2, 2001.
|sIn regard to attorney’s fees, we note the following:
“[T]he amount of statutory attorney fees awarded is intended to fully compensate the employee’s attorney, thereby benefitting the employee, for his services rendered in connection with the litigation.” Langley v. Petro Star Corp. of La., 01-198, p. 10 (La.6/29/01); 792 So.2d 721, 727 (citing McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694.)
The factors to be taken into account when fixing the amount of attorney fees to be awarded in a workers’ compensation case are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case. Id. A court cannot take into consideration the degree of bad faith exhibited by the employer. Id. In determining whether the amount awarded by the court is abusively low, therefore, we must focus not on whether the employer lacked bad faith, as found by the workers’ compensation judge, but on the other factors as set forth above.
Smith v. Quarles Drilling Co., 01-251, pp. 2-3 (La.App. 3 Cir. 10/03/01); 801 So.2d 1128, 1130. The record before this court contains forty-nine exhibits submitted on behalf of Claimant. Among those exhibits are two depositions from physicians, a number of medical records and over twenty demand letters written by counsel for Claimant, plus other correspondence on Claimant’s behalf. Additionally, the record reflects a high degree of skill by Claimant’s counsel. The workers’ compensation judge awarded a total of $5,000.00 in attorney’s fees in this case. Considering the factors listed above, we find that award abusively low and increase the total award of attorney’s fees to $10,000.00
Accordingly, for the reasons stated above, we amend the judgment of the workers’ compensation judge to award Claimant $16,400.00 in penalties for the untimely and/or non-payment of medical expenses and amend the total award of attorney’s fees to $10,000.00. In all other respects, the judgment of the workers’ compensation judge is affirmed. All costs of this appeal are assessed against | (¡Appellants, Shop Rite, and its workers’ compensation carrier, Louisiana Workers’ Compensation Corporation.
AFFIRMED AS AMENDED.