AMY, J.,
concurring in part and dissenting in part.
hi respectfully dissent from the majority opinion’s determination to increase the award of attorney fees for work performed at the trial level. In my opinion, the workers’ compensation judge correctly tailored the attorney fee award to those items on which the penalties were awarded.
Here, the claimant seeks full attorney fees incurred in pursuit of his claim, even those incurred in pursuit of aspects of the claim found to be meritless. In support of this argument, the claimant cites McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), 773 So.2d 694, 700 and its statement that “[t]he amount awarded is intended to provide full recovery, without statutory limitation, for attorney’s services *1234 and expenses in connection with the litigation.” In my opinion, however, the statement relied upon is inapplicable as urged given the starkly differing backgrounds of McCarroll and the present matter.
In this case, the claimant seeks attorney fees for aspects of his litigation on which he was unsuccessful. In McCarroll, 773 So.2d 694, however, the supreme court addressed whether a claimant’s attorney could recover both statutory attorney fees and those arising from the attorney’s contract with the claimant. The supreme court denied that recovery as duplicative. It was only within that context that the supreme court remarked upon the “full recovery” due a claimant. Accordingly, I do not rely on McCarroll for the general proposition that a claimant’s attorney receives litigation expenses related to aspects of the case on which a claimant was | gunsuccessful. While the attorney fees awarded in McCarroll did, in fact, appear to be for the entirety of the litigation, the McCarroll claim involved an employer’s full denial of benefits; such a situation is not present in this case.
In this case, the claimant was unsuccessful on a large part of his claim and was awarded only a portion of the penalties sought. Thus, I find that the figure awarded by the workers’ compensation judge is reasonable and appropriately tied to those aspects of the award arising under La.R.S. 23:1201. Accordingly, I would affirm that award.
For these reasons, I dissent from the majority’s award of additional attorney fees for work performed at the trial level. I concur in the remainder of the majority decision.